## SIMEON V. KENT v. JESSE B. COLE.

[See 77 Mich. 619; 79 Id. 159.]

*Assault and battery—Evidence—Impeachment—Self-defense.*

1. Where a plaintiff in a civil suit for assault and battery admits on cross-examination that he used abusive, insulting, and profane language towards the defendant prior to the assault, he may give the language used on his redirect examination.

2. A defendant in a trespass suit for assault and battery may be asked, for the purpose of impeachment, if he has not stated, at a given time and place, to a designated person, that he meant to have killed the plaintiff, and if he had it to do over again he would kill him.

3. A defendant in a civil suit for assault and battery who claims to have acted in self-defense must satisfy the jury that he acted honestly in using force to repel the attack of the plaintiff, and in determining that question they are to consider the reasonableness of the means made use of.[1]

Error to Ingham. (Peck, J.) Argued January 9, 1891. Decided February 27, 1891.

Trespass for assault and battery. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Smith & York,* for appellant.

*R. A. Montgomery,* for plaintiff.

McGRATH, J. This is an action of trespass for assault and battery. The parties met in the evening, at a writing school, and had some words. On the way home plaintiff continued to use harsh language towards defendant, and as the parties neared defendant's home an altercation took place in which the plaintiff was beaten,

[1] See *People v. Lennon,* 71 Mich. 298; *People v. Macard,* 73 Id. 15.

bruised, and seriously injured.  As usual, in this class of cases, the testimony was conflicting, each party insisting that the other was the aggressor, and defendant claiming that he was acting in self-defense, and called to his assistance his two sons.

1. Upon 'the trial plaintiff was asked, upon cross-examination, if he had not at the school-house, and on the way home, used abusive, insulting, and profane language towards defendant, and he replied that he had.  On re-direct examination plaintiff's counsel asked him to state just what language was used, and under defendant's objection the witness was allowed to give the language.  The admission of this testimony is alleged as error.  We think that .its admission was not only proper, but that it was not prejudicial to defendant's case, as its only possible effect was to show provocation, and thus reduce the verdict.

2. Defendant, on cross-examination, was asked, under objection, if he had not stated, at a given time and place, to one King that he ·(defendant) meant to have killed plaintiff, and if he had it to do over again he would, and replied that he had not.  The object of the question as stated by plaintiff's counsel was to prepare the way for impeaching the witness, and for that purpose it was clearly admissible.

3. The defendant claims further that the court erred in his charge to the 'jury in stating the rule governing the force that may be used in repelling an attack.[1]  The court charged the jury very fully and particularly upon this question, and although there may be sentences which without the context might seem to be erroneous, yet as

---

[1] Counsel cited *People v. Doe*, 1 Mich. 451; *Hurd v. People*, 25 Id. 405; *Burden v. People*, 26 Id. 162: *People v. Lilly*, 38 Id. 270; *Brownell v. People*, Id. 732; *Galbraith v. Fleming*, 60 Id. 403; and upon the question of excessive force when the assailant continues the contest, *People v. Pearl*, 76 Id. 207; *Smith v. Simon*, 69 Id. 481.

a whole the charge states the correct rule of law. The court said:

"In defending himself against an unlawful attack of another, a man is justified in resorting to such violence and the use of such force as the particular circumstances of the case may require for his protection. Now, the degree of force to be employed in protecting one's person must be in proportion to the attack made, and must depend upon the circumstances in each particular case, and the imminence of the danger as it appears to him at the time. The only purpose which justifies the employment of force against the assault is to defend one's self; that is the object to be attained, and a man is only justified in using such an amount of force *as may appear to him at the time* to be necessary to accomplish that purpose. As soon as that object is attained, it is his duty to desist.   *   *   *   If he uses a kind of force towards his assailant in excess or out of proportion to what may be necessary to his own defense, as it honestly appeared to him at the time, he is himself guilty of an assault.

"It is proper for you also to consider, if you find that the plaintiff made the first attack, that the defendant, Cole, being required to act at once, in the excitement and heat of an affray, could not be expected to exercise that nice discretion and accurate judgment which a jury by a careful sifting of the testimony of all the witnesses, aided by the arguments of counsel and the charge of the court, would be able to do; and therefore his conclusion, though he acted honestly and in good faith, might not be perfectly correct and just. Therefore this is the law, that if the defendant did use more force than is actually necessary for self-protection, if you find that he sincerely believed at the time that he was using only so much force as was necessary for his own defense, and if you also find that he acted honestly and in good faith in coming to that conclusion, and if you find also from the evidence that such a belief was a reasonable belief on his part, under the circumstances that surrounded him at the time, and as the situation appeared to him,—then he would not be guilty of an assault by reason of the use of such excessive force.   *   *   *   The defendant would be justified in resorting to such reasonable force as to him seemed to be necessary in the honest exercise of

his judgment to protect himself from the injury which he fully believed the plaintiff was about to inflict upon him.   *   *   *   If you find such appearances justified that belief, and Mr. Cole's judgment was honestly exercised in coming to that conclusion, he would then have a right to at once repel or prevent the actual assault, using such force, and such alone, as was reasonably necessary, or appeared to him as reasonably necessary, at the time to protect himself.

"In the defendant's sixth request, gentlemen, I am asked to say to you that the defendant was the best judge of what was necessary to defend himself against Kent's attack and all the means to be used for his own protection.   As a technical legal proposition that is undoubtedly correct, and it is true not only as a matter of law, but as a matter of common sense, that the party attacked is obliged, in the very nature of the case, to exercise his best judgment at the time as to what shall be done in his own defense, and his judgment is the one which, if honestly exercised, is to a large extent controlling.   It would be absolutely controlling unless the jury should find that his exercise of it at the time and under the circumstances was such an exercise as was unreasonable under all the evidence in the case."

In other words, it must appear to the jury that the party using force to repel an attack acted honestly, and the jury, in determining whether he acted honestly, are to consider the reasonableness of the means made use of.

There is no error in the record, and the judgment below is affirmed, with costs of both courts.

The other Justices concurred.