ROBERT BARR v. STATE OF NEBRASKA.

FILED JUNE 19, 1895. No. 7131.

1. **Criminal Law:** CHANGE OF VENUE: DUTY OF CLERK TO TRANSMIT RECORD. Upon a change of venue in a criminal cause to an adjoining county, the clerk of the court in which the indictment or information was filed must transmit to the clerk of the court to which the venue is changed a certified

transcript of the proceedings in the case, together with the original indictment or information.

2. **Record for Review**: ASSIGNMENTS OF ERROR. An assignment in a petition in error that the trial court erred in overruling a motion to strike from the files a certain paper cannot be considered where neither such motion, nor the grounds thereof, appear in the record.

3. **Criminal Law**: INSTRUCTIONS. In a prosecution for a felony error cannot be predicated upon the failure of the trial court to define a lesser offense included in the crime charged, unless requested so to do.

4. ————: ASSAULT: SELF-DEFENSE. A person who is unlawfully attacked by another in such a manner as to excite in him a reasonable belief that he is in danger of losing his life or receiving some great bodily injury, may use such force to repel the attack as at the time appears to him to be reasonably necessary, although he may be mistaken as to the extent of the actual danger, where other reasonable and judicious men would have been alike mistaken. He is justified in acting, in such case, upon the facts as they appear to him, and is not to be judged by the facts as they actually are.

5. **Conflicting Instructions.** Where the law is incorrectly stated in one instruction, the error is not cured by another instruction which correctly propounds the law upon the same subject.

ERROR to the district court for Cuming county. Tried below before NORRIS, J.

The opinion contains a statement of the case.

*C. C. McNish, Brome, Burnett & Jones*, for plaintiff in error:

The charge of the court was erroneous in authorizing a conviction for assault and battery without defining that offense. (*Ballard v. State*, 19 Neb., 609; *Milton v. State*, 6 Neb., 136.)

A person is not criminally liable for defending himself against an unlawful assault unless, in repelling such assault, he uses more force than a reasonably prudent person in that situation and under those circumstances would have

believed necessary and essential for his safety. (*Campbell v. People*, 16 Ill., 17; *Schnier v. People*, 23 Ill., 17; *Maher v. People*, 24 Ill., 241; *Shorter v. People*, 2 Comst. [N. Y.], 193; *Lander v. State*, 12 Tex., 462; *Williams v. State*, 3 Heisk. [Tenn.], 376; *State v. Harris*, 1 Jones [N. Car.], 190; *Logue v. Commonwealth*, 38 Pa. St., 265; *State v. Brooks*, 99 Mo., 137; *People v. Pearl*, 76 Mich., 207; *Morris v. Platt*, 32 Conn., 75; *Nalley v. State*, 28 Tex. App., 387; *State v. Reed*, 37 Pac. Rep. [Kan.], 174.)

*A. S. Churchill, Attorney General,* for the state.

NORVAL, C. J.

An information was filed by the county attorney in the district court of Stanton county, charging the plaintiff in error with the crime of mayhem. On application of the accused the venue was changed to the district court of the adjoining county of Cuming, where he was convicted of an assault and battery on December 12, 1893. A motion for a new trial was duly presented, which was heard and overruled on January 25, 1894, as were also a motion in arrest of judgment and a motion to strike the substituted transcript from the files. An exception was taken to the rulings on each of these motions, and the plaintiff in error was sentenced to pay a fine of $25 and the costs of prosecution.

Error is alleged in that the court overruled the motion in arrest of judgment. The ground of this motion is that the court below had no jurisdiction of the subject-matter, for the reason that no transcript of the record or proceedings had in the cause in the district court from which the venue was changed had been filed in the district court of Cuming county. Section 456 of the Criminal Code declares: "When the venue is changed to an adjoining county, the clerk of the court in which the indictment was found shall make a certified transcript of all the proceedings in the

case, which, together with the original indictment, he shall
transmit to the clerk of the court to which the venue is
changed, and the trial shall be conducted in all respects as
if the offender had been indicted in the county to which
the venue has been changed." If it were true, as con-
tended by counsel for the accused, that no transcript of
the proceedings in the district court of Stanton county was
filed in the district court of Cuming county until after the
verdict had been returned, there could be no room for
doubt that the judgment of conviction would be a nullity
for want of jurisdiction or power of the court to try and
determine the cause, for it is plain that the district court to
which the venue in a criminal prosecution has been changed
can acquire jurisdiction of the cause only by the filing
in the office of the clerk of said court a certified transcript
of the proceedings had in the case in the court ordering a
change of the place of trial, together with the original in-
dictment or information. It is obvious that jurisdiction
of the offense charged in the information could not be con-
ferred upon the district court of Cuming county in any
other mode than that pointed out by statute. An exami-
nation of the record before us discloses that a true and
correct copy of the journal entries in the cause made out
by the clerk of the district court of Stanton county and
certified under his official seal was, with the original infor-
mation and all the files and papers in the case, transmitted
to, and filed in, the office of the clerk of the district court
of Cuming county on the 21st day of November, 1893,
which was nearly three weeks before the plaintiff in error
was placed upon trial. The objection that the court below
was without jurisdiction is not sustained by the record,
and the motion in arrest of judgment was properly denied.

It is argued that there was error in the refusal of the
court below to sustain the motion to strike from the files
the substituted transcript which was filed after verdict.
The ruling of which complaint is made cannot be consid-

ered by us, for the reason that neither the motion nor the grounds thereof appear in the record. As stated above, the plaintiff in error was charged with the crime of mayhem, but was convicted of an assault and battery. The trial court in its instructions defined the crime of mayhem, and charged the jury that if they were not convinced of the defendant's guilt of this offense, but were satisfied beyond a reasonable doubt that he was guilty of an assault and battery, they should so find by their verdict. In none of the instructions to the jury was the crime of which the prisoner was convicted defined. It is insisted that this omission is reversible error. A sufficient answer to this contention is that the trial court was not requested to instruct the jury upon that point. The plaintiff in error should have prepared and submitted to the court a request defining the crime of assault and battery, and not having done so, error cannot be predicated upon the failure to so charge the jury. (*Gettinger v. State,* 13 Neb., 308; *Housh v. State,* 43 Neb., 163.)

Exceptions were taken by the plaintiff in error to the giving of the following instructions requested by the state:

"4. The court instructs the jury that if you find from the evidence that the act of maiming was committed by the defendant while he was fighting with the said Perry Kenney, and if you should further find that the said Perry Kenney was the aggressor in said fight and struck the first blow, that even this would not justify the defendant in maiming the said Perry Kenney as charged in the information, unless you should further find that the said Perry Kenney was attempting great bodily injury to the defendant, and that the defendant had no other means of preventing it except by maiming the defendant, and unless you can so find, then it is your solemn duty to convict the defendant of the crime charged in the information, and you should return a verdict of guilty.

"5. The court further instructs you that if you find from

the evidence that the act of maiming complained of in the information in this case was committed by the said Robert Barr in and upon said Perry Kenney in a sudden rencontre between said parties, still this would not justify you in finding said defendant not guilty, unless you should further find from the evidence that the said Perry Kenney was attempting to inflict some great bodily harm upon the said defendant and that there were no other means of preventing it other than maiming said Perry Kenney, and unless you so find from the evidence, it is your duty to find the defendant guilty in manner and form as charged in the information.

"6. The court further instructs you that it is a rule of law that when a person is assailed by an antagonist the person assailed has a lawful right to repel force with force, but when the person assailed uses more force to defend himself than is necessary, or, in other words, uses excessive force, or resorts to acts of violence upon his antagonist not called for in necessary self-defense, he then in law becomes the assailant, and when such unnecessary force is used the party using such force becomes criminally responsible, regardless of the fact as to who was the aggressor in the fight or who may have stricken the first blow."

It is argued that these instructions do not correctly embody the law of self-defense. In *Davis v. State*, 31 Neb., 240, it was held, substantially, that when a person is assaulted by another in such a manner as to excite in him a reasonable belief that he is in danger of losing his life or receiving great bodily injury, he may lawfully resist the attack by employing such reasonable means within his power as are apparently necessary to defend himself. In order to justify self-defense it is not indispensable that there should exist actual and positive danger. A party who is assaulted in such a way as to induce in him a well grounded and reasonable belief that he is in danger of suffering great bodily harm will be justified in defending him-

self, although the danger be not real, but only apparent. In other words, he is justified in acting upon the facts as they appear to him at the time, and is not to be judged by the facts as they actually are. In *Campbell v. People*, 16 Ill., 17, Caton, J., in delivering the opinion of the court, says: "Men, when threatened with danger, are obliged to judge from appearances, and determine by the actual state of things, from the circumstances surrounding them, at least as much as if placed in other and less exciting positions; and it would be monstrous to say that if they act from real and honest convictions, induced by reasonable evidence, they shall be held responsible criminally for a mistake in the extent of the actual danger, where other reasonable and judicious men would have been alike mistaken. A contrary rule would make the law of self-defense a snare and a delusion. It would become but a mockery of the sacred right of self-preservation." This certainly accords with the doctrine upon the subject as declared by the courts of this country. (*State v. Howard*, 14 Kan., 175; *State v. Bohan*, 19 Kan., 28; *Schnier v. People*, 23 Ill., 17; *Maher v. People*, 24 Ill., 241; *Steinmeyer v. People*, 95 Ill., 383; *State v. Brooks*, 99 Mo., 137; *People v. Pearl*, 76 Mich., 207; *Smith v. State*, 26 S. W. Rep. [Ark.], 712; *State v. Cain*, 20 W. Va., 679; *Housh v. State, supra.*) The instructions copied above are all faulty and erroneous, in that the jury were told that the defendant could not lawfully use force in self-defense, unless the complaining witness was attempting to inflict upon him great bodily injury, and the defendant had no other means of preventing it, and further, if more force than necessary was used, the defendant was criminally responsible. This, as we have seen, is not the law. It was not necessary that it be shown that great bodily injury was in fact about to be inflicted upon the defendant in order to justify him to repel force by force, but all the law required of him was that he honestly and in good faith believed he was about to receive great bodily

harm, and that he used no more force to repel the attack than to him appeared to be reasonably necessary. By these instructions, if the jury found that the plaintiff in error used more force than was actually necessary to defend himself, it was their "solemn duty to convict," although they were satisfied from the facts and circumstances detailed by the witnesses that no more force was employed than a reasonably prudent person in that situation would have deemed necessary for his own safety.

It is true that some of the other instructions given by the court correctly stated the law of self-defense. It was not enough that some of the instructions were correct. They did not cure the errors in the other paragraphs of the charge. Neither this nor the lower court knows but what the jury were guided by the erroneous instructions in finding a verdict of guilty. It is reversible error to give conflicting instructions. (*Warren v. Palmer,* 13 Neb., 376; *Ballard v. State,* 19 Neb., 609.) For the errors indicated the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.