## JAMES McLEAN v. JOSHUA FOISIE.

### (157 N. W. 840.)

**Malicious maiming — biting of portion of ear — action for damages — complaint — allegations — defendant — admissions of — biting — not necessary to his protection — assault — defense of person from — right of — force necessary to protection.**

Where a complaint charges the defendant with maliciously biting off a portion of the ear of the plaintiff, and the defendant himself testifies that such biting was not necessary to his protection from the assault of the plaintiff and that at no time during said assault did he consider it to be necessary, no prejudice can be assumed to have followed from an instruction which tells the jury that a person who is assaulted by another is justified in using "such force as is reasonably necessary to defend himself."

Opinion filed April 11, 1916.

Action for maliciously biting the ear of plaintiff.

Appeal from the District Court of Cavalier County, *Kneeshaw, J.*

Judgment for plaintiff. Defendant appeals.

Affirmed.

Statement of facts by BRUCE, J.

This is an action to recover damages for an assault and battery, and the defendant appeals from a judgment which was rendered against him.

The only charge which is made in the complaint is:

"That on or about the 7th day of July, 1911, the above-named defendant did unlawfully and maliciously, and with intent and purpose to do bodily injury to the plaintiff, bite and tear a large piece off and from one of the ears of the plaintiff, and did by such means permanently disfigure and maim the plaintiff."

The answer denies "each and every allegation of the complaint except such as is hereinafter admitted," and then alleges that the plaintiff's horse had trespassed upon the defendant's land, and—

"That on the said 7th day of July, 1911, the plaintiff, without first having taken the steps provided by law to secure possession of said

animal, and without legal authority, did come upon said premises of this defendant, and endeavored by force and violence to take from the possession of this defendant the said estray, and that any damage sustained by the plaintiff at the hands of this defendant and any bodily injury sustained by the plaintiff at the hands of this defendant on the said 7th day of July, 1911, or at any time, was necessarily inflicted by this defendant in resisting the force and violence used by the plaintiff in endeavoring to take said estray from the lawful possession of this defendant, and that this defendant, in resisting the force and violence of said plaintiff in his efforts to take possession of said estray, used only such force and violence as was necessary to overcome the force and violence of plaintiff in his efforts to unlawfully secure possession of said estray, and that any damage or injury sustained by the plaintiff at the hands of the defendant as alleged in plaintiff's complaint was occasioned by his own wrongdoing."

A verdict was rendered for the plaintiff, and the defendant appeals.

*George M. Price,* for appellant.

A person when assaulted has the right to use that degree of force in resisting the assault as seems reasonably necessary to him at the time and under all the surrounding circumstances,—that is, such force as would have appeared to an ordinarily careful, prudent man, to be necessary at the time. The basis of a man's judgment in such cases is founded upon the facts and circumstances as they appear at the time of the assault, for usually, in such cases, there is not much time for sober deliberation, if one is to act in his own defense, and for his self-preservation from injury. The plaintiff was guilty of the first assault. Drew v. Comstock, 57 Mich. 176, 23 N. W. 721.

A person violently assaulted without cause, by another, is not limited to the use of force so long only as the necessity for self-defense exists, but may chastise the aggressor within the natural limits of the provocation received, and will not thereby be guilty of assault and battery. People v. Pearl, 76 Mich. 207, 4 L.R.A. 709, 15 Am. St. Rep. 304, 42 N. W. 1109.

In such a case defendant is justified in acting upon the facts as they appear to him at the time, and is not to be judged by the facts as they actually are. Barr v. State, 45 Neb. 458, 63 N. W. 856; Keep v.

Quallman, 68 Wis. 451, 32 N. W. 233; Kent v. Cole, 84 Mich. 579, 48 N. W. 168; Fosbinder v. Svitak, 16 Neb. 499, 20 N. W. 866; Higgins v. Minaghan, 78 Wis. 602, 11 L.R.A. 138, 23 Am. St. Rep. 428, 47 N. W. 941; Illinois Steel Co. v. Waznius, 101 Ill. App. 535.

*Grimson & Johnson,* for respondent.

Parties to litigation are not entitled to instructions upon merely technical or ethical propositions, or upon issues not arising from the evidence. 9 Enc. Pl. & Pr. 159; Kearney v. Wurdeman, 33 Mo. App. 447; State v. Reilly, 25 N. D. 339, 141 N. W. 720.

Prejudice in or from instructions will not be presumed. It must be reasonably shown. State v. Reilly, supra.

As to the force that may be used to repel or resist an assault, the phrase, "reasonably necessary to defend himself," means only such force as would seem necessary to a reasonably careful man. People v. Dollor, 89 Cal. 513, 26 Pac. 1086.

BRUCE, J. (after stating the facts as above). The defendant and appellant complains that the instructions which were given by the court informed the jury that the measure of what constitutes a lawful resistance to an assault is "such force as is reasonably necessary to defend one's self," when under the decisions it is merely such force as "would have appeared to an ordinarily careful and prudent man to have been necessary at the time of the attack."

Generally speaking, the instructions which were given are open to this criticism, and we have no doubt held that the conduct of the person who is assailed and the amount of force which he uses is not to be judged by what is actually necessary under the circumstances, or even by what a reasonably cautious person might or might not do or consider necessary to do under like circumstances, but by what he himself in good faith honestly believes, and had reasonable ground to believe, was necessary for him to do to protect himself, and that the reasonableness of his belief must be viewed from his standpoint, and he will be justified or excused if the circumstances are sufficient to induce in him an honest and reasonable belief that such force is necessary. See State v. Hazlet, 16 N. D. 441, 113 N. W. 374; Barr v. State, 45 Neb. 458, 63 N. W. 856; Kent v. Cole, 84 Mich. 579, 48 N. W. 168; 5 C. J. 635.

There is, however, to be found in the testimony of the defendant in

the case at bar no claim or pretense whatever that the biting of the ear was necessary, or appeared to him to be necessary, at any time during the controversy, either to his protection from personal harm or to the protection of his property. The defendant indeed not only positively denies the biting, but positively states that at no time was he afraid or excited, and that at no time was, or did he deem, biting to be necessary. The complaint· charges the biting and the biting alone, and the justifiableness of the biting is the only point in issue. The instructions could not only have in no way prejudiced the defendant, but were more favorable to him than the facts of the case warranted. They, in short, left it to the jury to say whether or not the biting was reasonably necessary, when the defendant himself admitted that it was not. We can see no prejudice to the defendant therefore in the giving of the instructions.

The judgment of the District Court is affirmed.