Grebe v. State.

---

WILLIAM GREBE V. STATE OF NEBRASKA.

FILED DECEMBER 4, 1924.   No. 24100.

1.  Former Case Controlling.  As to the objection to the displacement of the county attorney and the appointment of substitute attorneys to prosecute the case. errors complained of as to trial. and ruling on plea in abatement, the law as announced in *Quinton v. State ante*, p. 684, with which this case was argued and submitted, is controlling.

2.  Assault.  Mere words will not justify an assault.

ERROR to the district court for Cass county: JAMES T. BEGLEY, *Judge.   Affirmed.*

*A. L. Tidd,* for plaintiff in error:

*O. S. Spillman, Attorney General,* and *Lloyd Dort,* contra.

Heard before MORRISSEY, C. J., LETTON, DEAN, GOOD and THOMPSON, JJ.

THOMPSON, J.

This is a prosecution by indictment in the district court for Cass county, wherein William Grebe, plaintiff in error, is charged with unlawful assault upon one Elmer Gaines. Trial had to a jury, verdict of guilty, and sentence of a fine of $100, plaintiff in error to stand committed until fine and costs paid. Motion for a new trial was overruled. To reverse the judgment, error is prosecuted to this court.

This case was argued and submitted with the case of *Quinton v. State, ante,* p. 684, the records being the same up to and including the overruling of the plea in abatement. The parties in their briefs and upon oral argument refer to Grebe as defendant, and for convenience we, shall do the same.

The errors complained of may be summarized as follows: (1) The court erred in refusing to permit the then county attorney to conduct the prosecution of the case, and in appointing for that purpose another attorney of the county and an assistant attorney, and in overruling defendant's objection to such procedure. (2) The court erred in dismissing defendant's plea in abatement, and in refusing him a jury trial on it. (3) The court erred in giving instruction No. 9 on its own motion, and in refusing to give instruction No. 3 requested by defendant.

The errors complained of in assignments numbered 1 and 2 were carefully considered by us in *Quinton v. State, supra,* and we hold that the law as therein announced is applicable to the facts in this case. Therefore, it is considered by us that the court did not commit reversible error in appointing an attorney to conduct the prosecution of the case in place of the then county attorney, and in

appointing an assistant for him, and in overruling defendant's objection to such procedure, or in refusing defendant a jury trial on his plea in abatement, or in dismissing his plea.

As to the assignment of error numbered 3, it is considered by us, after a careful consideration of the evidence, that instruction No. 9 given was applicable to it, while instruction No. 3 refused was not.

The judgment of the district court is in all things right, and should be, and hereby is,

AFFIRMED.

Note—See Assault and Battery, 5 C. J. sec. 253; Criminal Law, 16 C. J. sec. 747; 17 C. J. secs. 3627, 3579; District and Prosecuting Attorneys, 18 C. J. sec. 82.