STATE OF NEBRASKA, APPELLEE, V. MARK SCHROEDER, APPELLANT.

261 N. W. 2d 759

Filed January 25, 1978. No. 41356.

T. Clement Gaughan, Lancaster County Public Defender, and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

The defendant, Mark Schroeder, appeals from a sentence to imprisonment for 2 to 3 years for assault with intent to inflict great bodily injury. The defendant has assigned as error the trial court's refusal to instruct on the defense of justification, or choice of evils, as provided in section 28-834, R. R. S. 1943.

The assault took place in a cell at the Reformatory Unit near Lincoln, Nebraska. The defendant was confined in the cell with three other prisoners, one of whom was Gary Riggs, the victim.

The defendant was 19 years of age at the time of the offense. Riggs was 24 years of age. Riggs had a reputation among the other prisoners for sex and violence and the defendant was afraid of Riggs. In its brief the State concedes that Riggs had unquestionably placed the defendant in a position of general subservience.

The evidence shows that the defendant and Riggs had been gambling and that the defendant owed Riggs approximately $3,000. Riggs had threatened to make a "punk" out of the defendant by selling the debt to some other prisoner. A punk is defined in the record as a prisoner who commits homosexual acts with other prisoners.

The defendant testified that he did not want to gamble with Riggs but Riggs made the defendant continue to play cards and gamble. On the day before the incident, the defendant and the other two prisoners in the cell submitted a written request that Riggs be moved to another cell.

On the night the assault occurred the defendant and Riggs played cards until about 10 p.m. The defendant testified Riggs said that he might walk in his sleep that night and "collect some of this money I got owed to me tonight."

The defendant went to bed about 10 p.m. but, apparently, was unable to sleep because of what Riggs had said. The defendant got up about 1 a.m., and stabbed Riggs in the back with a knife made from a table knife. Riggs was asleep at the time but awakened when he was stabbed. When Riggs tried to remove the knife from his back, the defendant struck Riggs in the face several times with a metal ashtray. The guard was called and Riggs was taken to the hospital.

Section 28-834, R. R. S. 1943, which is a part of the self-defense statute enacted in 1972, provides as follows: "(1) Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:

"(a) The harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;

"(b) Neither sections 28-833 to 28-843 nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and

"(c) A legislative purpose to exclude the justification claimed does not otherwise plainly appear.

"(2) When the actor was reckless or negligent in bringing about the situation requiring a choice of harms or evils or in appraising the necessity for his conduct, the justification afforded by this section is unavailable in a prosecution for any offense for which recklessness or negligence, as the case may be, suffices to establish culpability."

The defendant submitted a requested instruction based upon section 28-834, R. R. S. 1943, and NJI No. 14.33, as revised, which the trial court refused. The defendant contends the refusal was erroneous. The State contends the request was properly refused because the harm or evil sought to be avoided was not greater than that sought to be prevented and there was no specific and imminent threat or injury to the defendant's person at the time he stabbed Riggs.

The defendant was charged with stabbing with intent to kill, wound, or maim but the jury found the defendant guilty of the lesser offense of assault with intent to inflict great bodily injury. The State argues that the determination as to which harm or evil is greater is to be made by a comparison of the punishment prescribed by law for the acts in question. This does not appear to be a correct interpretation of the statute.

Under section 28-836 (4), R. R. S. 1943, the use of deadly force may be justifiable if the actor believes such force is necessary to protect himself against sexual intercourse compelled by force or threat. The defendant's evidence was such that the jury could have found that the defendant believed he would be forced by Riggs to submit to sodomy if he did not kill or disable Riggs that night.

The circumstance of confinement is an important factor in this case. Under ordinary circumstances the actor has a duty to retreat if he can with complete safety avoid the necessity of using force by re-

treating. § 28-836 (4) (b), R. R. S. 1943. The duty to retreat was not applicable here because the defendant could not retreat.

The State further contends that the defense was not applicable because there was no specific and imminent threat of injury to the defendant. Riggs was asleep when the defendant stabbed him and Riggs had made no overt act or assault upon the defendant. Section 28-836 (1), R. R. S. 1943, provides that the use of force may be justifiable if the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.

The rule in this state has been that in order to excuse or justify a killing in self-defense the defendant must have reasonably believed that his life was in imminent danger or that he was in imminent danger of suffering great bodily harm. State v. Goodseal, 186 Neb. 359, 183 N. W. 2d 258; State v. Archbold, 178 Neb. 433, 133 N. W. 2d 601; State v. Kimbrough, 173 Neb. 873, 115 N. W. 2d 422; Barr v. State, 45 Neb. 458, 63 N. W. 856; Housh v. State, 43 Neb. 163, 61 N. W. 571.

The present statutory requirement is that the actor believe such force is immediately necessary to protect himself against the use of unlawful force by the other person on the present occasion. Although the term "present occasion" may have relaxed somewhat the former requirement of imminent danger, the present statutory requirement is essentially the same requirement as existed prior to the enactment of section 28-836, R. R. S. 1943.

The problem in this case is that there was no evidence to sustain a finding that the defendant could believe an assault was imminent except the threat that Riggs had made before he went to bed. The general rule is that words alone are not sufficient justification for an assault. Grebe v. State, 112 Neb. 759, 201 N. W. 142. See, also, Commonwealth v. Cropper, 463 Pa. 529, 345 A. 2d 645.

There is a very real danger in a rule which would legalize preventive assaults involving the use of deadly force where there has been nothing more than threats. We conclude that the trial court did not err in refusing to instruct the jury as requested by the defendant.

This is a difficult case and we are of the opinion there are extenuating circumstances which justify a reduction in the sentence. The judgment is modified by reducing the term of imprisonment to 1 year, the statutory minimum. As modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.

CLINTON, J., dissenting.

I respectfully dissent because I believe the defendant was entitled to an instruction under the provisions of section 28-834 (1) (a), R. R. S. 1943, which provides: "(1) Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:

"(a) The harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged"; insofar as that such an instruction would relate to the lesser-included offense of assault with intent to commit great bodily harm. That is the offense of which the defendant was found guilty. I do not believe he was entitled to such an instruction insofar as the offense of stabbing with intent to kill was concerned.

Section 28-834 (1) (a) and section 28-836 (1), R. R. S. 1943, must be read together. Section 28-836 (1), R. R. S. 1943, provides that the use of force may be justifiable if the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person "on the present occasion."

The comments to section 3.04 of the Model Penal Code, from which section 28-836, R. R. S. 1943, was taken, contain the following: "Nor does the draft

limit the privilege of using defensive force to cases where the danger of unlawful violence is 'imminent', as many formulations of the rule now do. The actor must believe that his defensive action is immediately necessary and the unlawful force against which he defends must be force that he apprehends will be used on the present occasion, but he need not apprehend that it will be immediately used. There would, for example, be a privilege to use defensive force to prevent an assailant from going to summon reinforcements, given belief and reason to believe that it is necessary to disable him to prevent an attack by overwhelming numbers — so long as the attack is apprehended on the 'present occasion.' The latter words are used in preference to 'imminent' or 'immediate' to introduce the necessary latitude for the attainment of a just result in cases of this kind."

In this case the defendant was faced with a threat by Riggs that he would "collect some of this money I got owed to me tonight." The defendant could not be expected to remain awake all night, every night, waiting for the attack that Riggs had threatened to make. The defendant's evidence here was such that the jury could have found the defendant was justified in believing the use of force was necessary to protect himself against an attack by Riggs "on the present occasion."

Under the evidence in this case, which the majority opinion fairly states, I think that a factual question was presented for the jury to determine whether .evil of forcible sodomy was greater than the evil of the assault with intent to commit great bodily harm, where the assault was made to avoid a forcible sexual attack by Riggs. Forcible sodomy is surely a great wrong to the victim. Our statute recognizes the common law rule that one may use deadly force to protect oneself from a forcible sexual assault. § 28-836 (4), R. R. S. 1943. The evidence would justify the conclusion and permit the jury to find that de-

fendant could not have waited and protected himself by the use of deadly force. With the weapon which was available to him, he seemingly could not have exercised such deadly force had he waited. Without much doubt, the jury, in finding the defendant guilty of the lesser crime considered the nature of the weapon which he had available and which he used. That weapon may have been inadequate to protect him had he waited until the actual assault commenced.

I would remand for a new trial.

WHITE, C. THOMAS, J., dissenting.

I join in the dissent of Clinton, J., except for that portion which suggests that the instruction was not required to be given with respect to the charge of assault with intent to kill. As stated in the dissent, "one may use deadly force to protect oneself from a forcible sexual assault." § 28-836 (4), R. R. S. 1943.