STATE OF NEBRASKA, APPELLEE, V. JOSEPH
EUGENE GRAHAM, APPELLANT.

271 N. W. 2d 456

Filed November 8, 1978. No. 41898.

T. Clement Gaughan, Lancaster County Public Defender, and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

McCOWN, J.

The defendant was found guilty by a jury on one count of an inmate detaining any person for the pur-

pose of compelling or inducing the performance of any act, and one count of use of a dangerous weapon during the commission of a felony. He was sentenced to a term of 10 years imprisonment on the first count and 3 years on the second count, the sentences to run consecutively to each other and consecutive to the sentence being served.

On August 15, 1977, the defendant was serving a sentence of 10 to 20 years in the Nebraska Penal and Correctional Complex. He had served approximately 20 months of his sentence, and on that date he was confined in the adjustment center at the penal complex as the result of a fight he had been involved in a few weeks before. The defendant faked a hanging of himself in his cell in the adjustment center. Two guards and a male practical nurse removed the defendant from his cell, placed him on a stretcher, and attempted to give him oxygen. When the defendant was removed to the hallway area, he grabbed the nurse, held a metal object to his throat, and threatened to cut the nurse' throat unless the guards opened two other cells in the adjustment center. Another guard knocked the defendant down with a stun gun and the guards then subdued the defendant.

The defendant testified that his plan was to escape from the penal complex. He testified that as a result of assaults upon him while in the prison and friction with the prison administration, he felt his life was in danger if he were to be sent back to the general prison population from the adjustment center. The defendant's version was that he had been assaulted by inmates on four occasions, the last of which involved a fight on July 16, 1977. For that incident he had been sent to the adjustment center.

The defendant then requested a transfer to a penitentiary in Kansas on grounds that his life was endangered in the Nebraska Penal and Correctional Complex, and that in defending himself he might hurt someone else seriously and get into further

trouble. On August 10, 1977, a committee had recommended approval of the transfer request, although the defendant testified he had not been advised of that recommendation. After the incidents of August 15, 1977, the defendant's request was denied.

The defendant contends that the trial court erred in failing to submit his theory of defense to the jury, and in refusing to give defendant's requested instruction on the defense of justification.

Section 28-834, R. R. S. 1943, provides in part: "(1) Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:

"(a) The harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;

"(b) Neither sections 28-833 to 28-843 nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and

"(c) A legislative purpose to exclude the justification claimed does not otherwise plainly appear."

Section 28-836, R. R. S. 1943, provides in part: "(1) Subject to the provisions of this section and of section 28-841, the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion."

In State v. Schroeder, 199 Neb. 822, 261 N. W. 2d 759, in interpreting section 28-836, R. R. S. 1943, this court said: "The present statutory requirement is that the actor believe such force is immediately necessary to protect himself against the use of unlawful force by the other person on the present occasion. Although the term 'present occasion' may have relaxed somewhat the former requirement of immi-

nent danger, the present statutory requirement is essentially the same requirement as existed prior to the enactment of section 28-836, R. R. S. 1943.''

Section 28-834, R. R. S. 1943, makes no specific reference to the imminence or immediacy of the harm or evil sought to be avoided. The remaining sections, sections 28-833 to 28-843, R. R. S. 1943, dealing with justification for the use of force, make it clear, however, that for the choice of evils justification of section 28-834, R. R. S. 1943, to be available as a defense, it must first be shown that the defendant's conduct was necessitated by specific and imminent threat of injury to his person under circumstances which left him no reasonable and viable alternative other than the violation of the law for which he stands charged. See People v. Robertson, 36 Colo. App. 367, 543 P. 2d 533.

The evidence in the present case is persuasive that the defendant was not faced with any threat of harm while he was in the adjustment center, nor did he fear any harm to himself while he was there. His fears were related to the time of his return to the general prison population, and that return was some weeks away. Such general fears of future harm will not suffice to raise the defense of justification. The authorities had already taken favorable preliminary action upon a transfer request. There was no reasonable or even plausible excuse for the defendant's assault against prison personnel.

The evidence in this case establishes that any threat of harm was far enough in the future to afford the defendant ample time and opportunity to resort to other reasonable and viable alternatives. There was no justification for the violent assault. On the evidence here, the defense of justification was not available as a matter of law, and the District Court properly refused to instruct the jury on the defense of justification under section 28-834,

R. R. S. 1943. The judgment of the District Court was correct and is affirmed.

AFFIRMED.

CLINTON, J., concurring in the result only.

I concur in the result only of the majority opinion and write this separate concurrence because I believe the opinion misinterprets the statute and the possible applicability of the defense of justification. L. B. 895, Laws 1972, now sections 28-833 to 28-843, R. R. S. 1943, is a rather comprehensive act relating to the general subject of justification of use of force, including among other things, the concept of self-defense. I think the act must be read and construed as a whole.

The majority opinion seems to assume, or at least is open to the construction, that the choice of evils principle might under some circumstances justify an assault upon a totally innocent person.

The evidence in this case shows an assault upon a nurse, who became a hostage as a result of the defendant's subterfuge. The defendant was not in the process of protecting himself from the unlawful use of force by the victim. Section 28-836, R. R. S. 1943, which provides in part: "(1) Subject to the provisions of this section and of section 28-841, the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion," is the governing provision in this circumstance. I do not believe the justification doctrine of section 28-834, R. R. S. 1943, can be reasonably construed to permit assaults against wholly innocent persons who are not the source or cause of the evil to be avoided.

SPENCER, C. J., Pro Tem., joins in this concurrence.