2367

The STATE, Respondent v. Matthew WILLIAMS, Appellant.
(459 S.E. (2d) 519)

Court of Appeals

*Assistant Appellate Defender Robert M. Pachak, of SC Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Asst. Atty. Gen., William Edgar Salter, III,* Columbia; and *Sol. Walter M. Bailey,* Summerville, *for respondent.*

Submitted June 6, 1995.

Decided July 3, 1995.

GOOLSBY, Judge:

Matthew Williams appeals his conviction and thirty-day sentence for assault and battery of a high and aggravated nature. He contends the trial court should have granted his request to charge the jury on the law of self-defense. We affirm.[1]

The charge against Williams stemmed from an incident that occurred in the Dorchester County Jail while Williams was awaiting trial on a capital murder charge.

According to the victim, John Leroy Wagner, Williams, Wagner, and five others were kept in a single area within the jail. Around 8:15 p.m. on June 12, 1993, Williams approached Wagner as Wagner lay on his bunk. When Wagner stood, Williams struck Wagner on the left side of his jaw. The blow broke Wagner's jaw. Williams continued to assault Wagner after Wagner fell, hitting and kicking him and calling him a "snitch." Another inmate joined Williams in the assault. Wagner summoned a guard to help him after the assault ended. He underwent surgery to repair his broken jaw. His mouth was wired shut for approximately two or three months. Wagner testified he had not tried to hit Williams and did not do anything to provoke Williams into beating him.

Williams, on the other hand, testified Wagner called him over to his bunk and an argument began over why Williams was in jail. Williams said, "The argument progressed and [Wagner] took a swing at me. I ducked. I swung back. And then a few people joined in and I backed up at the time." Williams admitted Wagner's swing missed him.

At the conclusion of a charge conference, the trial court asked both the solicitor and defense counsel whether either wanted "to put on the record [anything] in regard to the charges." Defense counsel responded, "No, sir, your Honor. The charges discussed are sufficient for the defendant." Defense counsel requested a jury instruction on the law of self-

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

defense for the first time when, just as the trial court began giving its general instructions to the jury, he *interrupted* the trial court to make the request. After the trial court completed its charge and excused the jury, defense counsel "renew[ed] the request that the court instruct on the circumstance of self-defense as there is facts [sic] contained for which [sic] a jury might could find that the act would be in self-defense." The trial court gave as one of its two grounds for denying the request, "[T]he request was made just as I was starting the charge and not before. We had a charge conference and we've been through that."

The trial court committed no error in refusing to give the requested charge under the circumstances of this case. Where a trial court conducts a charge conference and no request for a certain instruction is made during the charge conference, counsel may not thereafter interrupt the trial court when the trial court begins its jury charge and request the instruction be given. Further, counsel may not renew the request after the trial court completes its jury charge. This is particularly so where, as here, counsel for the party requesting the charge had earlier expressly agreed with the trial court regarding the instructions that the trial court planned to give the jury. Rule 20(a), SCRCrimP, provides in part as follows:

> All requests for legal instructions to the jury shall be submitted at the close of the evidence, or at such earlier time as the trial judge shall reasonably direct.

The trial court had no obligation in this case to give the instruction that Williams requested because the time for Williams to properly request a particular instruction had passed. *Cf.* 8A JAMES WM. MOORE, *MOORE'S FEDERAL PRACTICE* ¶30.02, at 30-8 (2d ed. 1995) ("The court has no obligation to give an instruction which is requested in an untimely fashion. . . .").

We do not reach the question of whether the evidence otherwise entitled Williams to a charge on the law of self-defense where Williams and the victim shared a jail cell at the time of the assault and Williams testified he responded with nondeadly force to the victim's failed effort to

hit him with his hand.[2] *See State v. Schroeder,* 199 Neb. 822, 261 N.W. (2d) 759 (1978) (a prisoner confined in a jail cell has no duty to retreat before using force to defend himself); WILLIAM SHEPARD McANINCH & W. GASTON FAIREY, *THE CRIMINAL LAW OF SOUTH CAROLINA,* at 498 (2d ed. 1989) ("There seem to be no reported South Carolina cases directly on point holding that the duty of retreat does not arise or that *serious* bodily injury need not be anticipated when defense is attempted with non-deadly force, but there is substantial authority to this effect in other jurisdictions.").

Affirmed.

HOWELL, C.J., and HEARN, J., concur.

[2] To warrant appellate consideration of a trial court's ruling on a nonjurisdictional issue, the issue must have first been presented to the trial court and the trial court must have then ruled on the issue. *Rental Uniform Serv. of Greenville, S.C. Inc. v. K & M Tool and Die, Inc.,* 292 S.C. 571, 357 S.E. (2d) 722 (Ct. App. 1987). Williams, so far as the record discloses, did not present to the trial court and the trial court did not rule on the questions of whether a prisoner confined in a jail cell must retreat before the prisoner may defend himself and of whether a person must anticipate serious bodily injury before he attempts to defend himself with nondeadly force.