Syllabus.

## FREDERICK STEINMEYER *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon, June 14, 1880.*

1. SELF-DEFENCE—*as to whether the danger is real or only apparent.* Where a person is assaulted in such a way as to induce in him a well grounded and reasonable belief that he is in actual danger of losing his life or suffering great bodily harm, he will be justified in defending himself, although the danger be not real but only apparent. He will not be held responsible criminally, if he acts in self-defence from real and honest convictions as to the character of the danger, induced by reasonable evidence, although he may be mistaken as to the extent of the actual danger, when other reasonable and judicious men would have been alike mistaken.

2. So, upon the trial of a person on a charge of manslaughter, the theory of the defence being that the party accused acted in self-defence against an attack made upon him, the court instructed the jury that if they believed from the evidence that the defendant killed the deceased, as charged in the indictment, in order to find the defendant not guilty they must believe from the evidence either that the killing was done in *necessary* self-defence, or in the defence of habitation or property. The instruction was held to be erroneous, as ignoring the doctrine of justification even in the absence of *actual* danger, if the other elements mentioned existed.

3. INSTRUCTION—*when erroneous, whether cured by others which are correct.* Upon the trial of a party, under an indictment for manslaughter, the court erroneously instructed the jury substantially that the act of killing could not be justified except the defendant acted in his *necessary* self-defence, ignoring the rule that under proper circumstances a person who is assaulted may act in self-defence, although the danger be not real but only apparent. Some of the instructions given for the defendant laid down the correct rule. Upon a vital question in the case—as to which party made the attack—the evidence was conflicting. It was held not enough that some of the instructions were correct. The court could not know but what the jury followed the erroneous instruction in finding the defendant guilty. Where a case is close in its facts, or where there is a conflict in the evidence on a vital point in the case, the rights of parties can not be preserved unless the jury are accurately instructed.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. G. B. BURNETT, for the plaintiffs in error:

The verdict is contrary to the evidence, counsel referring to the evidence at some length, which is omitted.

The court erred in excluding proper evidence offered by the defendants. The people read in evidence a lease, from Jones to the Cobines, of land which they claimed to have in possession. This lease described the land by its numbers. It was therefore competent for the defendants to prove by Winnetka that the lease did not embrace the road, and they did prove that fact by him, and that the road was on his land, and that he had given the defendants permission to use it and to leave the gate and bars open when going through.

Defendants called George Leverett, a practical surveyor, who had made a survey of the premises, and offered to prove by him that the road was on Winnetka's land and not on the Jones tract, which the court refused to admit, saying, "You can not go into that. The owner could not give them a right to commit a breach of the peace or to commit a trespass."

It was error to refuse this testimony on a point made vital by the instructions, and error for the court to assume, in the hearing of the jury, that defendants had committed a breach of the peace or a trespass.

It was also error for the court to say in the hearing of the jury that " these persons (Cobines) might go into the pasture and he (Winnetka) could not have evicted them. He must take possession legally by proceedings according to law. What he can not do he can not authorize another to do. They might have been wrongdoers; he had to proceed according to law to evict them."

The court erred in limiting the time of counsel in their argument to the jury. The court limited counsel to two hours. Const. 1870, art. 2, sec. 9; *The People* v. *Keenar*, 13 Cal. 581.

The court gave improper instructions to the jury. The people's sixth instruction tells the jury that if they believe Henry Steinmeyer killed the deceased, then in order to find

said Henry Steinmeyer not guilty, they must believe from the evidence that the killing was done in necessary self-defence. This is not the law of the case. If the defendant killed the deceased under a serious and well-grounded belief that he was at the time in danger of receiving great bodily harm, then he was justifiable, whether the danger was real or only apparent. *Campbell* v. *The People,* 16 Ill. 17.

This instruction tells the jury that to justify the killing they must believe from the evidence that it was done in *necessary self-defence,* or, in other words, they must believe the killing was necessary to save defendant's own life or prevent his receiving great bodily harm; whereas the law is, that *if it appeared to him,* as a reasonable man, that he was at the time in danger of losing his own life, or receiving great bodily harm, and that while acting under the influence of such belief he struck the blow, he is justifiable, although it should subsequently appear that he was in no danger whatever. *Schnier* v. *The People,* 23 Ill. 17.

It is perhaps sufficient to say that this instruction is in all respects like the one given for the prosecution in *Schnier's case,* and which this court held it to be error in the court below to give, but that would be doing injustice to the author of the latter, because it will be seen that while this instruction has all the objectionable features of the one given in *Schnier's case,* it is in many respects much more objectionable. The instruction in this case is susceptible of but one construction, for it tells the jury in plain terms that before they can find the defendants not guilty, they, the jury, must believe from the evidence that the killing was done in necessary self-defence.

That the giving of this instruction was error, for which the judgment must be reversed, is shown by numerous decisions of this court. *Campbell* v. *The People,* 16 Ill. 17; *Schnier* v. *The People,* 23 id. 17; *Maher* v. *The People,* 24 Ill. 241; *Roach* v. *The People,* 77 id. 25.

The court, on behalf of the defendants, instructed the jury that there could be no accessory before the fact to manslaughter, and although they should believe from the evidence that Frederick Steinmeyer stood by and assisted Henry Steinmeyer in inflicting the blow upon William Cobine, yet the jury could not convict Frederick Steinmeyer unless it was shown that he aided in striking the blow with his own hands.

On the part of the people the court instructed the jury that if they believed from the evidence that the fatal blow was given by Henry Steinmeyer, and that Frederick Steinmeyer stood by at the time and in any way aided or assisted, or in any way encouraged Henry Steinmeyer in striking the blow, then they should find Frederick guilty, or, if the jury believed from the evidence that defendants were engaged in an unlawful act with a common design to commit an unlawful act, and that while so engaged Henry Steinmeyer gave the fatal blow, then the jury should find both defendants guilty.

This court has said : " When instructions are conflicting, the verdict of the jury can not be regarded as settling any fact in the case, and no verdict they could render under the circumstances would be entitled to weight in the decision of the case." *Toledo, Wabash and Western R. R. Co.* v. *Morgan,* 72 Ill. 155.

But the court is not satisfied with stating the law both ways on this point, but goes further in the latter clause of the instruction for the people, and tells the jury that if they believe from the evidence that the defendants were engaged at the time in the commission of an unlawful act (that of refusing to shut the gate or put up the bars), with a common design and purpose to commit the unlawful act, and that while so engaged the said Henry Steinmeyer gave William Cobine the fatal blow, then both the defendants are guilty.

Or, in other words, if the jury should believe that defendants were engaged in the unlawful act of refusing to shut the gate or put up the bars, and while so engaged Henry Steinmeyer struck

William Cobine the fatal blow, then they should find both the defendants guilty. The latter clause of this instruction entirely ignores the question of self-defence, which was the important subject of the controversy, and tells the jury that if the Steinmeyers, in their opinion, were in the wrong, or were committing an unlawful act in refusing or neglecting to put up the bars or shut the gate, and that Henry Steinmeyer struck William Cobine the fatal blow, then both are guilty, regardless of what the conduct of the Cobines may have been in the premises.

It needs no argument to show the viciousness of this instruction, and how it was calculated to mislead and confuse the jury.

It is error to give instructions which tend to mislead the jury. *Brown* v. *Graham*, 24 Ill. 628; *Herrick* v. *Grey*, 65 id. 101.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment against Frederick Steinmeyer and Henry Steinmeyer, Jr., for manslaughter. The indictment was in the usual form, and charged that defendants, on the 15th day of March, 1879, with a certain stick of wood, made an assault upon one William Cobine, and inflicted upon him a mortal wound, from the effects of which he died. On a trial of the cause before a jury the defendants were both found guilty, as charged in the indictment, and the verdict of the jury fixed the punishment of Henry Steinmeyer at confinement in the penitentiary for two years, and the other defendant for one year. To reverse the judgment of the circuit court both of the defendants join in this writ of error.

It appears that the deceased, with his three brothers, Joseph, Samuel and Carson Cobine, resided on a farm in Madison county, leased of one Jones, and the defendants resided in the same neighborhood. On the day previous to March 15 a difficulty occurred between the defendants and the Cobines, which grew out of the refusal of the defendants to shut the

gate and put up the bars on premises occupied by the Cobines, through which defendants were hauling wood. Nothing serious, however, occurred on the day of the first difficulty, but on the following day, the 15th of March, as the defendants were passing through the field with their teams, they were met by the deceased and his brothers, Joseph, Samuel and Carson Cobine. A fight ensued, in which clubs and whips were freely used by the parties. During the fight the deceased received a blow upon the head, inflicted by one of the defendants with a club, which caused erysipelas, from which in a few days he died.

It is contended on behalf of defendants that they were attacked by the Cobines and acted in self-defence, while on the part of the people it is urged that the defendants were the aggressors and made the first assault. We shall not enter upon a discussion of the evidence bearing on this question. The testimony on this branch of the case was conflicting, and it was the peculiar province of the jury to settle the conflict, which they have done by their verdict, and had the instructions which the court gave to the jury been free from error, we might not have regarded it as a duty resting on the court to disturb the judgment. Where a case is close in its facts, or where there is a conflict in the evidence on a vital point in the case, the rights of the parties can not be preserved unless the law is accurately given to the jury by the court. At the request of the people the following instruction was given:

" The court instructs the jury in this case, that if they believe, from the evidence, that the defendant Henry Steinmeyer killed the deceased, William Cobine, as charged in the indictment, then, in order to find the defendant Henry Steinmeyer not guilty, they must believe, from the evidence before them in this case, either that the killing was done in necessary self-defence, or in the defence of habitation, or property or person, against the said William Cobine."

It will be observed that the defendants, on the trial, predicated their defence on the theory that they were attacked by the Cobines, and that whatever force or violence was used by them was resorted to for the purpose and with the intent to repel the attack to which they were exposed.

Now, suppose the defendants were assaulted by the deceased and his brothers, as the evidence introduced on behalf of defendants tends to show, in such a way as to induce in them a well grounded and reasonable belief that they were in actual danger of losing life or suffering great bodily harm, they would be justified in defending themselves, although the danger was not real, but only apparent, as held in *Campbell* v. *The People,* 16 Ill. 17.

But under the instruction this rule of law was ignored, and the jury were, in substance, directed that unless the killing was done in *necessary* self-defence, they must find the defendants guilty.

In the *Campbell case* it is said men, when threatened with danger, are obliged to judge from appearances and determine by the *actual* state of things from the circumstances surrounding them, at least as much as if placed in other less exciting positions. And it would be monstrous to say that if they act from real and honest convictions, induced from reasonable evidence, they shall be held responsible criminally for a mistake in the extent of the actual danger, when other reasonable and judicious men would have been alike mistaken.

The same doctrine is announced in *Schnier* v. *The People,* 23 Ill. 17, where an instruction similar to the one under consideration was condemned. Indeed, in every case where the question has arisen the ruling in the *Campbell case* has been approved. See *Maher* v. *The People,* 24 Ill. 241; *Roach* v. *The People,* 77 id. 25.

The circumstances under which the difficulty began were peculiar. There were four in number of the Cobines. Samuel and Carson first met the defendants, and as soon as the difficulty commenced, the two other brothers, William and Joseph,

appeared.    Whether the four met at the same time and place, by accident or design, is not explained by the evidence.    But, be that as it may, when the two defendants were met by the four Cobines and a fight ensued, in which the four were engaged against the two, the defendants, under all the circumstances, might well apprehend great bodily harm, and yet, while they may have acted as reasonable men, taking into view all the surrounding circumstances, still under the instruction, if regarded by the jury, they would be bound to find the defendants guilty.

It is true the instructions on the same subject, given on behalf of the defendants, laid down the law correctly.    But that was not enough.    The jury may have disregarded the instructions for the defendants, and followed those given for the people.    They had as much right to follow the one as the other, and it is impossible for a court to say which instructions controlled the deliberations of the jury.    If the jury followed the sixth instruction given for the people, as we may presume, from the verdict, they did, then they were misled, and defendants were denied the right of self-defence, which was secured to them by the law.    We are, therefore, of opinion that the instruction was calculated to deprive the defendants of a fair trial before the jury, and for this reason the judgment will have to be reversed.

Exception was taken to other instructions given for the people, but we find no substantial objection to them.    They are in the main correct; at all events they could not mislead the jury.

For the error indicated the judgment will be reversed, and the cause remanded.

*Judgment reversed.*