50 P.(2d) 968

## STATE v. SHERWOOD.

### No. 4113.

Supreme Court of New Mexico.

Oct. 28, 1935.

F. T. Cheetham, of Taos, for appellant.

Frank H. Patton, Atty. Gen., and Quincy D. Adams and Edward P. Chase, Asst. Attys. Gen., for the State.

BRICE, Justice.

The defendant was tried on an information charging murder in the first degree; was convicted of manslaughter and sentenced to serve a term of years in the state penitentiary; from which judgment this appeal is taken.

But one question need be considered, and that is whether the case should be reversed because of the giving to the jury of No. 19 of the court's instructions, which purported to instruct on the law, covering defendant's plea of self-defense, which was to the effect that while acting in his necessary self-defense in repelling a felonious assault upon him by a number of persons, the deceased, Anna Lee McHorse, entered the range of fire from his pistol and was accidentally killed by him. The instruction is as follows: "The Court further instructs the jury that, if they believe from the evidence and beyond a reasonable doubt that, at the time the defendant shot and killed Anna Lee McHorse, if he did shoot and kill her, that the defendant was in imminent danger of death or great bodily harm then about to be inflicted upon him, or which reasonably appeared to the defendant about to be inflicted upon him by Alejandro Santistevan, Joe Sanchez, Eloy Vigil, or others, then the defendant had the right to use such force as reasonably appeared to him to be necessary to protect himself from death or great bodily harm at the hands of the said Alejandro Santistevan, Joe Sanchez, Eloy Vigil, or others; and, if the jury believe from the evidence beyond a reasonable doubt, that at the time, the defendant was in imminent danger of death or great bodily harm, then about to be inflicted upon him, or which reasonably appeared to the defendant about to be inflicted upon him by Alejandro Santistevan, Joe Sanchez, Eloy Vigil, or others, he, the defendant, shot at the said Alejandro Santistevan, Joe Sanchez, Eloy Vigil, or others, and missed him, or them, and accidentally, or unintentionally shot and killed Anna Lee McHorse, then the jury will find the defendant not guilty, upon the grounds of self defense and apparent necessity; but, this instruction is subject to this modification; that if the jury believe, from the evidence, beyond a reasonable doubt, that the defendant began the difficulty in which Anna Lee McHorse was killed, by assaulting Alejandro Santistevan, Joe Sanchez, Eloy Vigil, or others, with a deadly weapon, when it did not reasonably appear to him to be necessary to protect himself from immediate danger or death or great bodily harm then about to be inflicted upon him, or which reasonably appeared to the defendant about to be inflicted upon him by the said Alejandro Santistevan, Joe Sanchez, Eloy Vigil, or

others, then and in that event, the jury cannot acquit the defendant upon the ground of self defense and apparent necessity."

■ This instruction placed the burden on the defendant to prove by the evidence and beyond a reasonable doubt facts to sustain self-defense before the jury would be warranted in acquitting him on that ground. Appellee admits the error, but insists that the case should be affirmed because, that as the court gave to the jury defendant's requested instruction No. 1, defendant was not greatly prejudiced, which instruction was as follows: "Gentlemen of the Jury the Court further instructs you that if from the evidence in the case you believe, to the extent of raising a reasonable doubt in your minds of the defendant's guilt, that Alejandro Santistevan, Joe Sanchez, and Eloy Vigil or any of them, were in the act of attempting to do great bodily injury to the defendant, or to kill him; or at the time that the defendant had reasonable grounds to believe and did believe that such an attack was being made upon him and that it was necessary for him to shoot to protect himself from great bodily harm or death, and that acting upon such belief defendant did shoot for the purpose of his own self-protection and that in so doing the deceased was accidentally shot and killed by the defendant, then by your verdict you must find the defendant not guilty."

This instruction substantially covers the same matter as instruction No. 19, and correctly states the law, but the language is not clear, and would be confusing to the average juror. The language of instruction No. 19, quoted above, is plain, definite, and certain. The defendant was required to establish his defense by evidence and beyond a reasonable doubt, or else he could not be acquitted on the ground of self-defense. As he killed Mrs. McHorse, and this was his sole defense, there can be no question about it being prejudicial error. Even though the two instructions were equally clear and definite, they are contradictory, confusing to the jury, and the one contained in the court's instructions was more likely followed by the jury.

■ The usual instructions with reference to the presumption of innocence, and that the state is required to prove each material allegation in the information beyond a reasonable doubt, are not sufficient to overcome an instruction requiring the defendant to establish his defense beyond a reasonable doubt to make it available to him.

The case is brought squarely within the rule laid down by this court in State v. Crosby, 26 N. M. 318, 191 P. 1079.

It appears from the record: "That immediately after the Court had read said instructions and before the jury had retired to consider their verdict, F. T. Cheetham as counsel for said defendant arose and addressed the Court announcing that he desired to interpose objections to said instructions, particularly instruction No.

19, given by the Court. That at that time the Court Reporter was absent from the Court room, and the Court announced that he would not wait to have such objections made, but would allow defendant's counsel to state his objections into the record later and that he would let the record show that the same were made before the jury retired."

That thereafter objections were made to the 19th paragraph of the court's instructions upon two grounds: First, upon the ground heretofore reviewed; and, second, that there was no evidence upon which to base the latter part of such instruction which modified it materially. But the record shows that such objections were made after the jury retired.

The appellee claims that if the court erred in this matter it was in refusing to hear counsel's objection to the instructions at the time offered and in "requiring him to wait to make such objection until the jury retired, but, that no point has been made of this. That the filing of objections to instruction after the jury retired was too late, though done at the trial court's suggestion." This is an exceedingly technical view of the law.

Rule 7-108 of the district court is as follows:

"For the preservation of any error in the charge, objection must be made or exception taken to any instruction given; or, in case of a failure to instruct on any point of law, a correct instruction must be tendered, before retirement of the jury. Rea-

sonable opportunity shall be afforded counsel so to object, except or tender instructions."

■ This rule requires counsel to make his objections and exceptions and tender of instructions in time for the court to correct errors if pointed out; but it imposes a duty on the court to afford counsel reasonable opportunity to do so. Unless the court obeys the rule, then counsel cannot.

■ Whether or not copies of the court's instructions were furnished counsel before being given to the jury, and in time to preserve the record by interposing objections and exceptions or furnishing requested instructions, the record does not disclose; but after the instructions were read to the jury and before the jury retired to consider its verdict, defendant's counsel did object to the instructions generally, and particularly to instruction No. 19, and requested the court for permission to place his specific objections in the record. It was then the duty of the court, under the rule, to afford counsel an opportunity to make his record, but instead he announced that the court reporter was not present and that he would not wait, and that such objections might be made later, and the record would be prepared to show that they were made before the jury retired to consider its verdict. Appellee contends that the correct procedure would have been for appellant to have objected to the court's refusal to hear his objection to the instructions. But what would be appellant's

remedy had such objection been made with the same result? Could this go on ad infinitum? Could a record be made in the usual course of procedure in the absence of the court reporter, or some means furnished by the court for preserving the record? In the interest of justice, and to avoid errors, the trial court should furnish to counsel copies of the instructions he proposes to give the jury, in ample time for their inspection, and request that all objections and exceptions be made of record before they are given. The rule, if followed, gives the court an opportunity to correct errors; but the opportunity is lost if counsel are permitted to make up a record after the jury has retired when the evil is without remedy.

A casual glance at the instruction would have disclosed the error, and its correction would have followed had the court heard the objection. Orderly procedure requires that the court reporter be present, if possible; if not, then within call, during all the progress of a trial, that the court and litigants may be protected by the making of a complete record.

The second objection is likewise well taken. There is no evidence in the record tending to prove the defendant began the difficulty. According to the state's testimony, he was lying on a cot, wounded, when his assailants broke open the door and murderously assaulted him.

It was stated in State v. Johnson, 21 N. M. 432, 155 P. 721, that this court had repeatedly held that the correctness of the instructions given by the trial court will not be reviewed on appeal unless exceptions are made and an opportunity for correction given. In State v. Eaker, 17 N. M. 479, 131 P. 489, this court, referring to the failure to preserve a record in the district court, said: "If this instruction was objectionable to the defendant, the court's attention should have been called to it at the time it was given, so that the court could, in case it was pointed out wherein it was erroneous, have corrected the same. Courts are not infallible, and it is the duty of attorneys to call attention to errors at the time of their commission, so that they may be corrected."

But when counsel calls a trial court's attention to errors at the time made, and requests permission to state his objection in the record, if permission is refused, the court is at fault, and not counsel who did his best to apprise the court of his error. There is as much duty on the court to be prepared to hear and have objections recorded as on attorneys to make them.

The court erred in giving instruction No. 19, and the defendant, having done all that he could to preserve the record in the district court, may raise the question here.

The case of Thompson v. State, 6 Okl. Cr. 50, 117 P. 216, 221, 222, was very much like the one at bar. The court read his instructions to the jury without giving the attorneys an opportunity to examine them, but stated they could take a general exception without knowing the contents, pri-

or to hearing them read to the jury. Among other things, the court said: "Experience teaches that even the wisest and best men are sometimes mistaken in their views. It matters not how able and learned a judge may be, he cannot always, without the assistance of counsel, prepare instructions which will fully and correctly present all the issues involved in a case to a jury. Independently of the constitutional and statutory provisions above quoted, prudence and justice would suggest that it would be safest and best, before submitting instructions to a jury, to call upon counsel for both sides to point out specifically what objections, if any, they may have to such instructions, and to request them to suggest such additional instructions as they may think are necessary. It is true that this will take a little time in the trial of each case, but we are of the opinion that it would save a great deal more time by preventing mistakes and the reversal of convictions, which would thereby be avoided. But, even if this is not true, the question of time should not be considered where the administration of justice is at issue. We must all concede that no man knows everything, and that even the most humble and ignorant man we may meet on the streets knows more about some things than we do. It is within the experience of all judges that valuable suggestions often come from the most unexpected sources. When a man is on trial for his liberty or life, there should be no undue haste."

It is not necessary to pass on the other points made, as they will not likely be raised again in another trial.

The cause will be reversed, and remanded, with instructions to set aside the judgment, and grant to defendant a new trial. It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.