253 P.2d 321

STATE v. CUMMINGS.

No. 5496.

Supreme Court of New Mexico.

Jan. 28, 1953.

Richard C. Losh, F. Craig Morton, Jr., Albuquerque, for appellant.

Joe L. Martinez, Atty. Gen., James B. Cooney, Asst. Atty. Gen., for appellee.

LUJAN, Justice.

Jack W. Cummings was convicted of the crime of involuntary manslaughter and sentenced to serve a term of not less than one year nor more than two years in the state penitentiary. His motion for a new trial was denied and he appeals from the verdict and sentence.

On August 3, 1951, at about 12:15 in the morning, the defendant was driving his automobile in a southerly direction along North Fourth Street in the City of Albuquerque, and at a point indicated by the testimony in the case he struck and killed Victor M. Van Geison. The testimony tends to show that the automobile, a 1946 Chevrolet, was being driven at a speed of forty or fifty miles per hour. There was also testimony tending to prove that the defendant was at the time intoxicated. The deceased was crossing North Fourth Street in the pedestrians cross-walk lane on Mountain Road when he was struck and killed. The defendant testified that he stopped at two different bars and had three beers before the accident; that he did not think he was going too fast; and that he did not see the deceased until he was right up on him.

The defendant contends that he was prejudiced by the following instruction given by the court over his objection:

"You are instructed that no person driving or in charge of any motor vehicle on a public highway has a legal right to drive the same at any speed that is greater than is reasonable and proper, having regard to the traffic and use of the street by others, or so as to endanger the life and limb of any person, *and if you find after a fair preponderance of the evidence in this case* that the defendant was driving his car at a speed greater than was reasonable and proper, having regard to the traffic and use of said street where he was then driving said automobile, by other persons and the public, or was then and at that place driving said automobile at such a rate of speed as to endanger the life and limb of any other person, and because of such rate of speed, and driving while drunk, you further find that the deceased was injured, resulting in his death, then you are instructed that you will be warranted in finding the defendant guilty of manslaughter as charged in the information." (Emphasis ours.)

This instruction assumes that facts may be proven by a preponderance of the evidence. It permitted the jury to weigh the evidence under the rule applicable to civil cases and, having so weighed it and

ascertained which side the scale preponderated, to decide the case accordingly. It is in direct conflict with the other instructions in which the jury were told that, in order to convict, the evidence must satisfy them of defendant's guilt beyond a reasonable doubt. It led the jury to believe that they would be authorized to base a conviction on the greater weight of the evidence. We think, under the facts of this case, that this instruction was not only calculated to mislead and confuse the jury, but was hurtful to the defendant. From any point of view, such an instruction has no place in a criminal case.

In State v. Crosby, 26 N.M. 318, 191 P. 1079, 1081, we said:

"We believe the proper rule to be that error committed in giving an incorrect instruction is not cured or rendered harmless by the giving of a correct instruction on the same subject, and this rule should be applied in the present case, in which the erroneous instruction was complete, unambiguous, and certain."

See, also State v. Sherwood, 39 N.M. 518, 50 P.2d 968.

In Steinmeyer v. People, 95 Ill. 383, the court said:

"It is true the instructions on the same subject, given on behalf of the defendants, laid down the law correctly. But that is not enough. The jury may have disregarded the instructions for the defendants, and followed those given for the people. They had as much right to follow the one as the other, and it is impossible for the court to say which instructions controlled the deliberations of the jury. If the jury followed the sixth instruction given for the people, as we may presume from their verdict they did, then they were misled, and defendants were denied the right of self-defense, which was secured to them by law. We are, therefore, of opinion that the instruction was calculated to deprive the defendants of a fair trial before the jury, and for this reason the judgment will have to be reversed."

■ It is next contended that this case should be reversed by reason of the misconduct of the district attorney. This contention is based upon the following remark made by him: "This jury must consider that 285 deaths on our highways this year have resulted from traffic accidents." This remark was made three times during argument of the district attorney and was timely objected to the first two times and the objections were sustained. In sustaining the objections interposed the first two times, the trial court admonished the district attorney in the presence of the jury to confine himself to the issues of the case at bar and to try and not to attempt to sway the jury with sociological facts and infer-

ences. Notwithstanding the admonition of the court, the district attorney for the third time repeated the challenged remarks and on this occasion the defendant moved for a mistrial on the ground that this defendant was entitled to be tried on the evidence concerning this accident only and that the repeated injection of other fatal accidents into this case had deprived the defendant of a fair trial. The motion was overruled.

The trial court should not have permitted remarks of this character. It is its duty to see that no improper statements are made likely to influence the jury in their verdict, and that the cause is tried upon the sworn testimony of the witnesses. It is not our intention to limit or restrict legitimate argument, but a statement of facts entirely outside of the evidence, and highly prejudicial to the accused, cannot be justified as argument. The district attorney repeatedly transgressed the bounds of propriety vested in him, and this in reference to a matter regarding which the passion of the jury was easily aroused.

In the case of Kennamer v. State, 59 Okl. Cr. 146, 57 P.2d 646, 648, the court said:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide. Counsel for both the state and the defendant have a right to discuss fully from their standpoint the evidence and the infer-ences and deductions arising from it. It is only when argument by counsel for the state is grossly improper and unwarranted upon some point which may have affected defendant's rights that a reversal can be based on improper argument."

And in Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314, the court speaking through Justice Sutherland, said:

"The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

"It is fair to say that the average jury, in a greater or less degree, has

confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none. * * *

"In these circumstances prejudice to the cause of the accused is so highly probable that we are not justified in assuming its nonexistence. * * * Moreover, we have not here a case where the misconduct of the prosecuting attorney was slight or confined to a single instance, but one where such misconduct was pronounced and persistent, with a probable cumulative effect upon the jury which cannot be disregarded as inconsequential. * *"

It is doubtful if the sinister influence of the remarks complained of thrice repeated over objection could be erased, by withdrawal or any admonition the court could give. They were highly improper. The defendant was entitled to be tried by the court and jury, which was sworn to try the case. Their verdict should be based upon the law and the evidence, not on what other people did throughout the state.

We hold that the erroneous instruction and the misconduct of the district attorney deprived the defendant of the protection of his constitutional rights to a fair and impartial trial.

For the above reasons the judgment must be reversed and the cause remanded for a new trial.

It is so ordered.

SADLER, C. J., and McGHEE, COMPTON and COORS, JJ., concur.