This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                    NO.  32,043

**JOEL RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Joel Rodriguez (Defendant) appeals from his conviction for criminal sexual contact of a minor. This Court issued a calendar notice proposing to affirm Defendant's conviction. Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

**I.      Prosecutorial Misconduct**

**A.      Voir Dire**

Defendant contends that prosecutorial misconduct occurred when the prosecutor misinformed the jury that, if the jury believed the victim's testimony, the jury could convict. Defendant argues that the prosecutor's statement misled the jury by "erroneously [telling] them how to weigh evidence and to favor some evidence over other evidence[.]" [MIO 4] In this Court's calendar notice, we proposed to conclude that Defendant had not demonstrated error where "the district court sustained the objection, . . . the jury was correctly instructed at the close of trial as to the State's burden," and Defendant had not "indicated that he requested any relief that the district court failed to grant." [CN 3]

Defendant has responded by arguing that the district court erred in not granting a mistrial. Defendant never requested a mistrial, but contends that the trial court nevertheless should have declared a mistrial on its own motion. Because this issue

2

was not raised with the trial court, we review Defendant's claim for fundamental error. *See State v. Allen*, 2000-NMSC-002, ¶ 95, 128 N.M. 482, 994 P.2d 728 ("When the trial court had no opportunity to rule on a [claimed error] because the defendant did not object in a timely manner, we review the claim on appeal for fundamental error.").

To qualify as fundamental error, the remarks must have been "so egregious" and have "had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial." *Id*. (internal quotation marks and citation omitted). "As with any fundamental error inquiry, we will upset a jury verdict only (1) when guilt is so doubtful as to shock the conscience, or (2) when there has been an error in the process implicating the fundamental integrity of the judicial process." *State v. Sosa*, 2009-NMSC-056, ¶ 35, 147 N.M. 351, 223 P.3d 348.

While Defendant contends that fundamental error occurred, he provides this Court with no authority demonstrating that our Courts have held that fundamental error existed based on similar facts. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (providing that, where no authority is cited in support of the issue, we assume no such authority exists). Even assuming that the prosecutor misstated the law, given that the jury was properly instructed, and we presume that the jury follows the instructions given and Defendant's failure to cite to authority to the

contrary, we conclude that Defendant has not demonstrated fundamental error in this regard. *See State v. Perry*, 2009-NMCA-052, ¶ 45, 146 N.M. 208, 207 P.3d 1185 ("There is a presumption that the jury follows the instructions they are given." (internal quotation marks and citation omitted)); *Sosa*, 2009-NMSC-056, ¶ 37 (addressing fundamental error in the context of an improper prosecutorial comment and emphasizing the presumption that the verdict was justified).

**B.     Opening Remarks**

Defendant contends that the prosecutor engaged in misconduct when the prosecutor stated, in opening remarks, that "the pain of [Defendant's] touch caused [the victim] to wake up." [DS 5]  Because Defendant did not object to this statement at trial, [MIO 5] Defendant must demonstrate fundamental error on appeal. *See State v. Trujillo*, 2002-NMSC-005, ¶ 52, 131 N.M. 709, 42 P.3d 814 (providing that, when an issue of prosecutorial misconduct has not been properly preserved by a timely objection at trial, this Court has the discretion to review the claim on appeal for fundamental error).  In our calendar notice, this Court noted that "a single, isolated statement will not generally rise to the level of fundamental error." [CN 5] (citing *Allen*, 2000-NMSC-002, ¶ 95).

Defendant, citing to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985),

4

continues to maintain that the prosecutor's statement requires reversal. Specifically, Defendant contends that the weight of the evidence *prior to trial* failed to support the State's opening remark. In support of his argument, Defendant cites to *State v. Cummings*, 57 N.M. 36, 39, 253 P.2d 321, 323 (1953), for the proposition that "a statement of facts entirely outside of the evidence . . . cannot be justified as argument." [MIO 6] However, *Cummings* does not support Defendant's argument that opening remarks must be consistent with the statements of witnesses prior to trial, and Defendant cites no other authority to support his argument. *See Adoption of Doe*, 100 N.M. at 765, 676 P.2d at 1330.

Moreover, we note that opening statements are generally limited to the evidence that the prosecutor believes he or she will produce at trial. *See State v. Gutierrez*, 2007-NMSC-033, ¶ 20, 142 N.M. 1, 162 P.3d 156 ("In the opening statement, the prosecutor should present an objective summary of the evidence the [s]tate reasonably expects to produce at trial and must not refer to evidence of questionable admissibility or evidence unsupported at trial." (internal quotation marks and citation omitted)). Because Defendant admits that the prosecutor's statement was supported by the victim's testimony at trial, [MIO 5; RP 100] we conclude that Defendant has failed to demonstrate error in this regard.

**B.     Sufficiency of the Evidence**

Defendant maintains, citing *Franklin*, 78 N.M. at 129, 428 P.2d at 984, and *Boyer*, 103 N.M. at 658-60, 712 P.2d at 4-6, that there was insufficient evidence to support his conviction. In this Court's calendar notice, we proposed to conclude that sufficient evidence existed based on the victim's testimony. [CN 6] We noted that Defendant's argument, that there was no evidence corroborating the victim's testimony, amounted to a request that this Court reweigh the evidence on appeal, which we do not do. [CN 6 (citing *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict."))] We further noted that Defendant's argument, that none of the other people staying at the house saw the incident, did not support reversal of his conviction. [CN 7 (citing *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts."))]

Defendant has advanced no new arguments in his memorandum in opposition. Accordingly, we conclude that Defendant has failed to demonstrate error on appeal. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**