This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                          No. 33,863

ANTOINE WILLIAMS,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Kenneth H. Martinez, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Santa Fe, NM
Jorge A. Alvarado, Chief Public Defender
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

MEMORANDUM OPINION

SUTIN, Judge.

{1} Defendant Antoine Williams appeals from the district court's judgment affirming his convictions for battery on a household member, contrary to NMSA 1978, Section 30-3-15 (2008), and interference with communications, contrary to NMSA 1978, Section 30-12-1 (1979). Unpersuaded by Defendant's docketing statement, we entered a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition to our notice. We remain unpersuaded and therefore affirm.

{2} Defendant raises two issues on appeal: (1) whether the trial court erred in denying his motion for a mistrial based on prosecutorial misconduct in the form of statements made during closing arguments, and (2) whether there was sufficient evidence to support the conviction of battery against a household member. [DS 24-25; MIO 21-25]

{3} Our notice detailed the relevant facts for each issue and set forth the law that we believe controls. Applying the law to the facts, we proposed to conclude that (1) the trial court did not abuse its discretion in denying Defendant's motions for a mistrial, and (2) the evidence was sufficient to support Defendant's convictions. We do not reiterate our analysis detailed in the notice here and instead focus on the content of the memorandum in opposition.

{4} Defendant's response to our notice continues to argue that the trial court should have granted Defendant's motions for a mistrial. [MIO 21] Specifically, Defendant asserts that the curative instruction given by the trial court was insufficient given the nature of the prosecutor's comments. [MIO 21-24] Defendant attempts to analogize to *State v. Cummings*, 1953-NMSC-008, 57 N.M. 36, 253 P.2d 321, and asserts that a statement of facts unsupported by the evidence presented, cannot be justified as argument. [MIO 22-24] *Cummings*, however, is distinguishable. In that case, the defendant was found guilty of involuntary manslaughter after he struck a pedestrian with his car while intoxicated, killing the pedestrian. *Id.* ¶¶ 1-2. During closing arguments, the prosecutor remarked three times: "This jury must consider that 285 deaths on our highways this year have resulted from traffic accidents." *Id.* ¶ 7 (internal quotation marks omitted). These assertions were "entirely outside of the evidence," and the prosecutor repeated this information three times despite the trial court's admonitions. *Id.* ¶ 8.

{5} In this case, the prosecutor made two different improper comments that were brief and isolated, and unlike the court in *Cummings*, the trial court gave a curative instruction. Under these circumstances, we cannot "determine that all the safeguards at the trial level have failed" or that the trial court abused its discretion by acting in "an obviously erroneous, arbitrary, or unwarranted manner." *State v. Torres*, 2012-

3

NMSC-016, ¶ 7, 279 P.3d 740 (internal quotation marks and citations omitted); *see also id.* (explaining that we should only reverse the judgment of a trial court in this context "in the most exceptional circumstances" (internal quotation marks and citation omitted)); *id.* ¶ 8 ("Because the trial court is better able to gauge the magnitude of objectionable comments, we afford it broad discretion in choosing the appropriate way to respond.").

{6}     With respect to Issue (B), Defendant does not assert that our account of the evidence upon which we proposed to rely was incorrect; further, his response does not assert any new factual or legal argument that persuades this Court that our notice was incorrect regarding the sufficiency of the evidence. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Therefore, on the basis of our proposed analysis, we hold that sufficient evidence supports Defendant's conviction.

{7}     For the reasons set forth in our notice and this Opinion, we affirm.

{8}     **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**