THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GERHARD W. REIMANN, Appellant.

First Department, July 2, 1943.

*Philip Segal* of counsel (*Samuel Segal,* attorney), for appellant.

*David Riesman* of counsel (*Frank S. Hogan, District Attorney*), for respondent.

TOWNLEY, J. The defendant was convicted of the crime of assault in the second degree with intent to commit grand larceny and robbery. There was conflicting testimony as to the participation of the defendant in the robbery. The direct testimony as to the assault was confined to that of the complaining witness which was contradicted by this defendant and his codefendant. The verdict of the jury is claimed to have been so influenced by the misconduct of the District Attorney that the defendant did not have a fair trial.

The District Attorney in his opening told the jury that at the original meeting of the complainant with the defendant and his associates in a restaurant on Eighty-sixth Street, the defendant Reimann boasted of his German blood, boasted of the strength of the Germans, gave the Nazi salute and said " Heil, Hitler! Heil, Hitler! " When the complainant was on the stand he testified in answer to questions by the District Attorney that Reimann had said on this occasion substantially the same thing. There was thus injected into the case at the outset the claim that the defendant was a German and Nazi sympathizer. Again, in his summing up, the jury's attention was directed to this fact by the District Attorney's statement to the jury that they disregard that the defendant may have said " Heil, Hitler." This again called the attention of the jury to the same matter.

This proof was unnecessary to the establishment of any essential element of the crime. Its introduction into the case in the three incidents above referred to undoubtedly prejudiced the jury against the defendant as a German and Nazi sympathizer. In *Viereck* v. *United States* (318 U. S. 236) the Supreme Court of the United States, referring to a similar incident in the trial of the defendant, said: " At a time when passion and prejudice are heightened by emotions stirred by our participa-

tion in a great war, we do not doubt that these remarks addressed to the jury were highly prejudicial, and that they were offensive to the dignity and good order with which all proceedings in court should be conducted.''

Another incident occurring during the trial was prejudicial to defendant's rights. The District Attorney in his summation said of the complaining witness: '' I believe him from the bottom. I swear I believe him from the bottom.'' By these remarks the jury was asked to supplement the proof in the case by the personal beliefs of the prosecutor.

Similar remarks have been condemned by this court in *People* v. *O'Regan* (221 App. Div. 331, 338) and *People* v. *De Martine* (205 App. Div. 80, 84). There were no exceptions to the matters above referred to but, in our opinion, the ends of justice require that consideration be given to their effect upon the jury and that a new trial free from these incidents should be ordered.

The judgment should be reversed and a new trial ordered.

Judgment unanimously reversed and a new trial ordered.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur. Settle order on notice.