THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY J. SWANSON, Appellant.— The defendant appeals from a judgment of the County Court of Suffolk County, convicting him of the crime of sodomy and sentencing him to imprisonment for a term of not less than ten years and not more than twenty years. Judgment reversed on the law and a new trial ordered. Although defendant did not testify in his own behalf, the jury was required, on the evidence adduced, to determine whether or not defendant was the person who had committed the crime charged in the indictment. The two infant complainants identified defendant on trial, and defendant was further identified by another infant witness as the person who had driven a truck, operated by the person who had committed the crime. The truck was also identified by these witnesses. There was also evidence that the infant complainants had identified the defendant at a police station, after his arrest, several days after the crime was committed. On that occasion, however, the witnesses were not required to identify defendant by selecting him from a line-up or group of persons, but confronted him when he was in custody and when there were no other persons present except the mothers of the complainants, police officers and a representative of the District Attorney. The record discloses certain discrepancies between the description of the criminal and the description of the truck, apparently given by the complainants immediately after the commission of the crime, and the evidence given on trial. It was established on trial that the infant complainants, when they confronted the defendant within a few hours after the crime was committed, stated that he was not the man who had committed the crime. During the trial there was received in evidence, as tending to identify defendant as the criminal, photographs of defendant taken after his arrest and while he was in custody. Under the circumstances disclosed, the admission of this evidence was erroneous and highly prejudicial. In summation, the assistant district attorney improperly asked the jury to consider the fact that the defendant had not denied the statements of the complaining witnesses that he had committed the crime, thus referring to his failure to testify, and asserted his belief in the defendant's guilt, stating as to the People's version of what had occurred, " That is exactly what happened, and I swear to it ". He also asked the jury to believe that if he felt that the defendant were not guilty he would inform the court of his feeling and help to terminate the proceedings against defendant, and urged a conviction so that the defendant might receive treatment for a condition not disclosed by the evidence and which, of course, if it did exist, would furnish no warrant for a verdict of guilty. The trial court did not admonish or restrain him and did not instruct the jury to disregard the improper statements made in this summation. Upon all the circumstances, although the evidence is sufficient to sustain a verdict of guilt, we are unable to say that defendant's substantial rights were not affected and are constrained to reverse and order a new trial. Defendant is entitled to a fair trial neither colored nor influenced by irrelevant matters or prejudicial arguments of counsel likely to mislead or confuse the

jury. (Cf. *People* v. *Carborano,* 301 N. Y. 39; *People* v. *Tassiello,* 300 N. Y. 425; *People* v. *Mleczko,* 298 N. Y. 153; *People* v. *Manganaro,* 218 N. Y. 9; *People* v. *Minkowitz,* 220 N. Y. 399; *People* v. *Wolf,* 183 N. Y. 464, and *People* v. *Maestry,* 167 App. Div. 266.) Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.