■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT LINK, Appellant.— Appeal from a judgment of the County Court, Kings County, convicting appellant of sodomy in the first ·degree and of violating section 483 of the Penal Law. Judgment insofar as it convicts appellant of sodomy in the first degree, under the first count of the indictment against him, reversed on the law and the facts, action severed as to such count of the indictment, and a new trial ordered. In view of the equivocal nature of the testimony by the infant complainant, who was not sworn, and by the witness Kiel, who was called by the People to support the testimony of the infant complainant, it is our opinion that the evidence was insufficient to establish appellant's guilt of sodomy in the first degree beyond a reasonable doubt. The judgment, insofar as it convicts appellant of a violation of section 483 of the Penal Law, under the third count of the indictment, is corrected to conform to the verdict with respect to such count by deleting the provisions thereof which order and adjudge that appellant be imprisoned and dealt with according to law, and sent to the reception center of the Department of Correction at Elmira, New York, for classification and confinement pursuant to article 3-A of the Correction Law, and by substituting therefor a provision that it be ordered and adjudged that appellant be confined in an institution under the jurisdiction of the Department of Correction and committed to the department reception center for classification and transfer in accordance with the provisions of article 3-A of the Correction Law. As so corrected, judgment, insofar as it convicts appellant under the third count of the indictment, affirmed. (Penal Law, § 2184-a.) Nolan, P. J., Wenzel, Hallinan and Kleinfeld, JJ., concur; Beldock, J., concurs in the result as to the first count of the indictment, but dissents as to the third count of the indictment and, as to said count, votes to reverse the judgment and to order a new trial, with the following memorandum: It was error for the court to interrogate appellant as to why he had not repaid a debt of $50 to the witness Kiel. These questions had no bearing on appellant's credibility as a witness, nor did they tend to establish that he committed the crimes charged (*People* v. *Perry,* 277 N. Y. 460; *People* v. *Hyman,* 284 App. Div. 347, affd. 308 N. Y. 794). It was also error for the court to instruct the jury to bear in mind in weighing the credibility of witnesses whether a witness is inexperienced, or is one " who has had experience in testifying ". The only witness in the case who might

have had experience in testifying was appellant, as he admitted previous criminal activities. There is, however, no proof that appellant has ever had experience in testifying. This instruction was prejudicial to appellant, as he was pointed out as one as to whom the jury must be more careful than as to any other witness. In the course of summation, the assistant district attorney, referring to appellant's guilt, said, "I am convinced beyond any exception, and I think you are too". This exceeded the bounds of fair comment and argument. A prosecutor may not offer himself as an unsworn witness in his summation by supporting his case by his own veracity and position. Such tactics have been condemned even though the guilt of appellant was clear (*People* v. *Lovello*, 1 N Y 2d 436; *People* v. *Carborano*, 301 N. Y. 39; *People* v. *Tassiello*, 300 N. Y. 425; *People* v. *Swanson*, 278 App. Div. 846).