Appeal (1) from a judgment of the County Court, Queens County, convicting appellant of robbery in the first degree, grand larceny in the second degree, and assault in the second degree, and sentencing him to serve from 10 to 20 years, and (2) from each and every intermediate order therein made. Judgment reversed on the law and the facts and a new trial ordered. The crimes were committed on January 23, 1954. Arrest and identification were made 27 months later. Appellant testified in his own behalf, denying that he had committed the crimes. The crucial question presented was whether appellant’s identity was shown with sufficient certainty to preclude a reasonable possibility of mistake. (People v. Seppi, 221 N. Y. 62, 68; People v. Davino, 284 N. Y. 486; People v. Trowbridge, 305 N. Y. 471.) The crimes were committed in a delicatessen store. Of the three persons in the store, only one identified appellant. The proof of identity was close. It was therefore error for the assistant district attorney in his opening statement to the jury to refer to the showing of “pictures” to complainant. It was also error to admit testimony of detective Rath on direct examination that he visited complainant at his home and showed him something, which could only have referred to the pictures heretofore mentioned by the assistant district attorney in his opening statement. Similarly, it was error to accept testimony by detective Rath, on direct examination, that he told appellant that he had been “identified” in the store robbery. In our opinion this constituted an improper attempt to bolster identification evidence by proof that the complainant had identified pictures of appellant prior to the time he identified appellant at the police station and at the trial. (People v. Jung Hing, 212 N. Y. 393; People v. Trowbridge, supra; People v. Cioffi, 1 N Y 2d 70; People v. Hagedorny, 272 App. Div. 830; People v. Swanson, 278 App. Div. 846; People v. Sarra, 283 App. Div. 876.) We are also of the opinion that under the circumstances here disclosed it was improper to permit cross-examination of appellant as to infractions of the regulations of the police department, from which he resigned while not under charges. (People v. Joyce, 233 N. Y. 61, 71.) No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction.
Nolan, P. J., Beldoek, Murphy, Ughetta and Hallinan, JJ., concur.