Desmond, J. (dissenting).
Nothing could be more thoroughly settled in this and other States than the gross impropriety of a prosecutor’s “ making himself an unsworn witness and supporting his case by his own veracity and position ” (People v. Lovello, 1 N Y 2d 436; People v. Tassiello, 300 N. Y. 425; Berger v. United States, 295 U. S. 78, 88; People v. De Martine, 205 App. Div. 80, 84; People v. O’Regan, 221 App. Div. 331, 338; People v. Reimann, 266 App. Div. 505, 507; People v. Swanson, 278 App. Div. 846; People v. Burley, 282 App. Div. 408, 411; People v. Black, 317 Ill. 603; People v. Hoffman, 399 Ill. 57; People v. Anderson, 406 Ill. 585; People v. Provo, 409 Ill. 63; Balls v. State, 137 Neb. 835; State v. Case, 49 Wn. [2d] 66; and see decisions from practically all the States in 75 A. L. R. 48-59, and 50 A. L. R. 2d 754-868).
*79 Sixty years ago in People v. Fielding (158 N. Y. 542, 547) we warned that “ Language which might be permitted to counsel in summing up a civil action cannot with propriety be used by a public prosecutor, who is a quasi-judicial officer, representing the People óf the state, and presumed to act impartially in the interest only of justice. ’ ’ In Fielding, in 1899, it was noted (p. 548) that “ the admonition of the court has not proved sufficient to prevent improper and dangerous appeals ” to jurors, so that reversals had become necessary. Sixty years later, I am unwilling merely to add one more reproof or rebuke. In this present case, where the prosecutor returned again and again to his improprieties despite vehement objections from the defense, what possible remedy is there but a reversal? To paraphrase a classic speech of Cicero: ‘ ‘ How long will you abuse the patience of this court? ”
The People argue that the point was not saved by motions for a mistrial. Even assuming that such a motion is absolutely essential (People v. Lovello, 1 N Y 2d 436, supra, leaves this doubtful) we find at least one such motion in this record. On© should be enough.
The argument that this wholly improper language by the prosecutor was justified as an answer to the defense summation is hardly worthy of notice. Furthermore, the prosecutor had made no objection of any kind to any remarks by the defense counsel.
The judgment should be reversed and a new trial ordered.
Chief Judge Conway and Judges Froessel and Burke concur with Judge Van Voorhis ; Judge Desmond dissents in an opinion in which Judges Dye and Fuld concur.
Judgment affirmed.