Judgment affirmed.
Concur: Chief Judge Desmond and Judges Dye, Burke, Foster and 'Scilleppi. Judges Fuld and Van Voorhis dissent in the following memorandum:
Judges Fuld and Van Voorhis dissent upon the ground that the defendant was not proved guilty beyond a reasonable doubt (People v. Ledwon, 153 N. Y. 10). Moreover, admitting into evidence the extended testimony of an assistant district attorney that in his opinion defendant was guilty of the crime charged against him under the facts and law of the case was gross error which, along with the treatment of the character witnesses, should, in any event, require a new trial. The door was not opened by defense counsel to that assistant’s opinion evidence by the question previously addressed to him upon cross-examinatiop whether there are not situations in which miscarriages may legally be induced. Such a question on cross-examination might have opened the door to an answer concerning what is the difference between a legal and an illegal abortion, viz., depending upon whether the life of the woman or child is at stake, but it could not have paved the way to permit a member of the prosecutor’s staff to take the witness stand and tell the jury in detail that this defendant was guilty as charged. In case of error less aggravated than this we have said and held: ‘‘ We repeat the previous condemnations by ours and other courts of .such practices by any prosecutor in making himself an unsworn witness and supporting his case by his own veracity and position (see Berger v. United States, 295 U. S. 78, 88; People v. Tassiello, 300 N. Y. 425, 430; People v. Swanson, 278 App. Div. 846, 847).” (People v. Lovello, 1 N Y 2d 436, 439, per Desmond, J.) Here the prestige of the office of prosecutor was not merely thrown against the defendant by something said in summation, but the prosecutor was sworn and testified to the defendant’s guilt. People v. Lovello (supra) has been followed in People v. Jackson (7 N Y 2d 142, 144) where a similar error was characterized in reversal as “a serious impropriety, an error both egregious and inexcusable, whose potential for prejudice was incalculable.” To similar effect is People v. Steinhardt (9 N Y 2d 267, 270).
*1075 For the reasons stated this indictment should be dismissed upon the ground that the defendant was not proved guilty beyond a reasonable doubt or, in any event, a new trial should be granted.
Judgment affirmed.