■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERARDO SAMUEL CASTELO, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: The defendant did not receive a fair trial due to the improper and overreaching conduct of the Assistant District Attorney. During his summation he stated: "I am hired by Onondaga County to look over cases and facts when complainants come in, and a certain determination is made on the validity of the complaint and it goes through its normal investigation and an indictment is returned, and it is set down for trial or disposition, and that is why we are here in the Castelo case. If there is one scintilla of proof that I kept Romero or any other witness out of Onondaga County, not only would I lose the case but I would get fired. You know that the defense does not have to say anything. The defense can just sit there, the defendant doesn't have to say a word. My job is to prove beyond a reasonable doubt that he is guilty. I told you it was a tough job and sometimes maybe I say too many things, maybe that is why I put too many Exhibits in, maybe that's why I bore you sometimes. I am sorry, but when a person reaches this stage, all right, for what it is worth, and I am morally convinced that he is guilty beyond a reasonable doubt, and I say to myself, 'how can I convince 12 people? How can I convince 12 people?'" There are other improprieties not necessary to recount. The statement of the Assistant District Attorney that he was morally convinced of the defendant's guilt was not only highly improper, but was unethical. (Canons of Professional Ethics, canon 15; *People* v. *Nicoll*, 3 A D 2d 64, 78, 79.) "We repeat the previous condemnations by ours and other courts of such practices by any prosecutor in making himself an unsworn witness and supporting his case by his own veracity and position (see *Berger* v. *United States*, 295 U. S. 78, 88; *People* v. *Tassiello*, 300 N. Y. 425, 430; *People* v. *Swanson*, 278 App. Div. 846, 847)." (*People* v. *Lovello*, 1 N Y 2d 436, 439.) Furthermore, the statements indicating that the Assistant District Attorney had made a determination as to the validity of the complaint before submission to the Grand Jury were completely erroneous and prejudicial. A District Attorney owes more to the cause of fairness and justice than to be motivated solely to obtain a conviction. (*People* v. *Lombard*, 4 A D 2d 666, 671.) "The primary duty of lawyers engaged in public prosecution is not to convict, but to see that justice is done." (Canons of Professional Ethics, canon 5.) "'Language which might be permitted to counsel in summing up a civil action cannot with propriety be used by a public prosecutor, who is a quasi-judicial officer, representing the People of the State, and presumed to act impartially in the interest only of justice.' (*People* v. *Fielding*, 158 N. Y. 542, 547.) That pronouncement by this court is declaratory of the simple principle of fairness which was decisive in the cited case and pervades those rules which govern the administration of criminal law. In the case we now review that principle again becomes decisive." (*People* v. *Tassiello*, 300 N. Y. 425, 427.) This case demonstrates the injustice that can be caused by an overzealous but obviously inexperienced prosecuting attorney. (Appeal from judgment of Onondaga County Court convicting defendant of grand larceny, first degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.