433 P.2d 508

**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Alfonso GUTIERREZ, Defendant-Appellant.**
No. 35.

Court of Appeals of New Mexico.
Oct. 27, 1967.

Clyde E. Sullivan, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Defendant appeals his conviction of burglary. He claims that he was denied his constitutional right to due process of law. He raises issues concerning: (1) the comments of the assistant district attorney in his jury argument, (2) a comment made to a juror during a recess and (3) the cumulative effect of points (1) and (2).

No record was made of the closing arguments. Apparently, an objection was made during the assistant district attorney's argument. After the jury had retired to consider its verdict, an attempt was made to reconstruct for the record the comments to which objection was made.

 Defendant asserts that the assistant district attorney asked the jury to "compare the evidence we presented with the evidence the defense presented." The record is ambiguous; it does not show that either the court or counsel agreed such a statement was made. Thus, the alleged remark is not supported by the record. We will not assume facts not so supported. State v. Sandoval, 76 N.M. 570, 417 P.2d 56 (1966). Without the benefit of the prosecutor's remarks, we cannot determine if there was any error in the remarks. State v. Paris, 76 N.M. 291, 414 P.2d 512 (1966).

 Counsel agreed that the following happened:

Defense counsel, referring to the instructions, told the jury that the defendant did not have to take the stand. The assistant district attorney reminded the jury of defense counsel's comments, and told the jury:

"* * * [T]hat is absolutely correct, he does not have to testify, and you have been so instructed by the Court; * * *"

Defendant contends that Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14

L.Ed.2d 106 (1965), reh. den. 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 730, and State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966), forbid any comment by the prosecution on the defendant's failure to testify. However, in State v. Paris, supra, it was held there was no error when the prosecutor's comment was made in response to the defendant's own argument.

Here, the jury was instructed that the defendant was not required to testify. This instruction was given at the request of defendant. Defense counsel commented on the right of defendant not to testify. The prosecutor's comments were in response to defense counsel's comments and the instruction of the court referred to by defense counsel. State v. Paris, supra, is applicable. There it is stated:

"* * * [T]he defendant 'opened the door' and effectively waived any right which he might have had to claim error because of the prosecutor's comment concerning his failure to take the witness stand."

After the State had rested its case, the jury was excused while motions were argued. While one of the jurors was in the hall, someone brushed against the shoulder of the juror and told her "to make a wise decision." The juror reported this in open court and in the presence of the other members of the jury. In response to questioning by the court, the juror stated that the remark would not influence her decision one way or another, that she did not feel under any undue pressure because of the remark. The juror did not feel that the remark was made in the manner of a threat.

The juror identified the person making the remark, the person identified admitted making the remark, and the trial court directed that this person be arrested. This also occurred in open court and in the presence of the jury.

Defendant moved for a mistrial on the basis of this remark. Here, he asserts that the failure to grant a mistrial was error. He contends (1) People v. Levey, 206 Mich. 129, 172 N.W. 427 (1919), applies and is

controlling; (2) the statement made was prejudicial on its face; (3) the statement made was "probably" or "inherently" prejudicial under federal standards of due process; and (4) the statement was presumptively prejudicial and the presumption has not been overcome. None of these contentions have merit.

In People v. Levey, supra, a juror was "approached," but we are not informed as to the contents of this "approach." The "approach" was communicated to the court by the foreman of the jury, not by the juror with whom contact was made. The foreman was questioned as to whether the unauthorized communication would influence the jury's verdict; the juror involved was not questioned. In Levey a new trial was ordered because of the failure of the trial court to investigate the charge, failure to attempt to ascertain the truth of the accusation and failure to locate or fix the responsibility.

Here, we know the communication that was made. The trial court determined who made the remark and inquired of the juror involved as to whether it would influence her verdict. The Levey case is distinguishable on its facts.

Defendant contends that the communication was intimidating and coercing and thus prejudicial on its face. How the words "make a wise decision" are on their face prejudicial, intimidating or coercive is not explained. The words used, on their face, make no reference to the guilt or innocence of the defendant. They do not refer to defendant's character or past conduct. On their face, they are not prejudicial. Compare Parker v. Gladden, 385 U.S. 363, 87 S. Ct. 468, 17 L.Ed.2d 420 (1966); Whitson v. State, 65 Ariz. 395, 181 P.2d 822 (1947).

Parker v. Gladden, supra, held that a bailiff's communications to the jury concerning defendant's guilt involved such a probability that prejudice resulted that the trial was deemed lacking in due process. In Turner v. State of Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965), the two principal witnesses against the defendant were deputy sheriffs who had close and continual contact with the jury throughout the trial. Turner held there was extreme prejudice inherent in this continual association.

■■ Unauthorized communications to the jury in state courts must be judged by the federal requirements of due process. Parker v. Gladden, supra. If the situation here involves probable prejudice or inherent prejudice under these standards, there must be a new trial. However, no probable or inherent prejudice exists in the communication "make a wise decision." This communication is not comparable to the communications made in Parker v. Gladden, supra, and Turner v. State of Louisiana, supra. Nor is it comparable to the evidence improperly admitted in Lawrence v. United States, 357 F.2d 434 (10th Cir. 1966).

In Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954), interpreted and enforced 350 U.S. 377, 76 S. Ct. 425, 100 L.Ed. 435 (1956), it is stated:

> "In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant."

■ Thus, under standards of due process, any unauthorized communication is presumptively prejudicial. Further, and different from the pronouncements in State v. Evans, 48 N.M. 58, 145 P.2d 872 (1944), and State v. Clements, 31 N.M. 620, 249 P. 1003 (1926), the burden is not upon the defendant to establish the existence of prejudice.

Here, in open court and in the presence of counsel, the trial court questioned the juror to whom the remark was made. The juror

532

did not feel the remark was a threat, did not feel any undue influence as a result of the remark and did not feel that the remark would influence her decision. The remark itself carries no meaning for or against the defendant.

However, defendant contends the questioning was insufficient. He says, "it was not for her [the juror] or anyone else to say whether she or any of the other jurors had been affected in their actions as a juror." This is incorrect. It was for the trial court to determine whether the presumption of prejudice had been overcome. In denying the motion for a mistrial, the trial court, in effect, ruled that the presumption of prejudice had been overcome.

The trial court was satisfied that the communication was harmless. Considering the neutral nature of the remark that was made, the fact that the trial court observed the jury when the contact was reported and the person making the contact was identified, the fact that the trial court saw and heard the juror who was contacted and the answers given by that juror, we cannot say as a matter of law that the ruling of the trial court was erroneous. See Annot., 62 A.L.R. 1466 (1929); Annot., 9 A.L.R.3d 1275 (1966).

■ A fair trial is implicit in the concept of ordered liberty. Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). Defendant contends that the total facts and circumstances surrounding the trial indicate that he was not afforded a fair trial and was denied due process. Thus, he would apply the doctrine of cumulative error stated in Oaks v. People, 150 Colo. 64, 371 P.2d 443 (1962):

"* * * [N]umerous formal irregularities, each of which in itself might be deemed harmless, may in the aggregate show the absence of a fair trial, in which event a reversal would be required. * * *"

■ The doctrine of cumulative error exists in New Mexico and may be raised as an issue on direct appeal. State v. Roybal, 76 N.M. 337, 414 P.2d 850 (1966); Nelson v. Cox, 66 N.M. 397, 349 P.2d 118 (1960).

■ Defendant contends the doctrine should be applied because the third party comment to a juror occurred just prior to the jury being instructed and the prosecutor's comment occurred in his closing argument shortly after the instructions were read to the jury. Neither the fact that these events happened nor their time sequence demonstrates that defendant was denied a fair trial. Compare State v. Roybal, supra.

The judgment and sentence is affirmed. It is so ordered.

E. T. HENSLEY, Jr., C. J., and OMAN, J., concur.