267 So.2d 39 (1972)
Johnny Lee PRICE, Appellant,
v.
STATE of Florida, Appellee.
No. 72-32.
District Court of Appeal of Florida, Fourth District.
September 26, 1972.
*40 Kenneth A. Studstill, of Twyford & Studstill, Titusville, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant's robbery conviction and life sentence must be reversed because certain remarks made by the prosecutor in his closing argument to the jury[1] were of such a character as to deprive appellant of his fundamental right to a fair trial. See Sherman v. State, Fla. 1971, 255 So.2d 263; Grant v. State, Fla. 1967, 194 So.2d 612; Chavez v. State, Fla.App. 1968, 215 So.2d 750; Davis v. State, Fla.App. 1968, 214 So.2d 41.
On the authority of the foregoing, as well as the numerous cases cited therein, the judgment and sentence are severally reversed and this cause is remanded for a new trial.
Reversed.
REED, C.J., and WALDEN, J., concur.
NOTES
[1] The record shows that during closing argument by the prosecutor, Mr. Chesire, the following occurred.

"MR. CHESHIRE: ... Then you must believe in the integrity of our system if this man had not been named and not been identified in Mr. Devoe's confession, he would not be here before you because [the] State has no reason to bring an innocent man before you and prosecute him and expose him to what this man has been 
"MR. STUDSTILL: I'm going to object to that kind of argument. He's integrating something here that's not the law, I hesitate to object, but talking about the State had no reason to do this and that 
"MR. CHESHIRE: It's quite common to say the State has every right to rebut that.
"THE COURT: Let me tell the Jury this. The argument of counsel for either the state or defendant are not evidence and are not to be considered by you as evidence. Counsel has the right to draw whatever reasonable inferences they can from the evidence. Alright. You may proceed.
"MR. CHESHIRE: Thank you. I think I have made my point... ."