518 P.2d 779

STATE of New Mexico, Plaintiff-Appellee,

v.

Amos Glen JAMERSON, Defendant-Appellant.

No. 1280.

Court of Appeals of New Mexico.

Jan. 2, 1974.

Louis G. Stewart, Jr., Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Louis Druxman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of burglary of a residence. Section 40A–16–3, N.M.S.A.1953 (2d Repl.Vol. 6). He claims that references made by the prosecuting attorney to in-court fingerprinting (1) violated his privilege against self-incrimination and (2) were so prejudicial that he was denied a fair trial.

A latent fingerprint was lifted from a metal box located in a bedroom closet of the burglarized premises. This latent print was compared with a fingerprint card taken from the files of the Albuquerque Police Department. The evidence is that the latent print and the rolled fingerprint of the left thumb on the fingerprint card came from the same individual.

The evidence fully sustains the inference that the prints on the fingerprint card were fingerprints of defendant. Defense cross-examination attacked this inference. Defense cross-examination was also directed to the quality of the latent print, the details of "lifting" a latent print and the technique of comparing fingerprints.

During redirect examination of the officer who made the fingerprint comparison, the State moved that the officer be allowed to take a rolled impression of defendant's left thumb "to resolve all doubt as to whether or not the fingerprints appearing on [the fingerprint card] . . . are in fact those of the Defendant." The motion was denied. Defendant then moved for a mistrial on the basis that the State's fin-

gerprint motion was a comment on defendant's failure to testify.

At the conclusion of argument, upon submission of the case to the jury, defendant moved for a mistrial. The basis for the motion was an allegation that the prosecutor, during argument, had stated that any question concerning identity of the prints on the fingerprint card could have been resolved during the trial. No question of timeliness arises. Although closing arguments were not recorded, the trial judge stated, for the record, that this motion was a renewal of a motion made during the arguments to the jury. This mistrial motion asserted two grounds: (1) that the prosecutor's alleged statement was prejudicial because it was outside the evidence in the case and (2) the statement was a comment on defendant's failure to testify.

### Privilege against self-incrimination.

The constitutional privilege against self-incrimination prohibits comment on a defendant's failure to testify. State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966). Defendant asserts that the motion to fingerprint defendant in the courtroom and the prosecutor's statement during jury argument are comments about defendant's failure to testify. We disagree.

█ The privilege against self-incrimination applies to disclosures that are "communicative" or "testimonial;" the privilege does not include identifying physical characteristics. State v. Mordecai, 83 N.M. 208, 490 P.2d 466 (Ct.App.1971) and cases therein cited. Fingerprints are an identifying physical characteristic. The privilege does not protect "against compulsion to submit to fingerprinting." Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); see United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

█ Fingerprinting is not within the privilege against self-incrimination. The motion during trial and the alleged statement during closing argument, both of which referred to fingerprinting, did not violate the privilege. Compare State v. Mordecai, supra; State v. Archuleta, 82 N.M. 378, 482 P.2d 242 (Ct.App.1970).

### Prejudicial comment.

Defendant asserts the prosecutor's "comments were the product of an unrestrained zeal to get before the jury facts which would inflame their passions." Thus, he argues that the fingerprint comments were prejudicial.

In United States v. Rundle, 266 F.Supp. 173 (E.D.Pa.1967), aff'd, 384 F.2d 997 (3rd Cir. 1967), cert. denied, 393 U.S. 860, 89 S.Ct. 138, 21 L.Ed.2d 128 (1968), defendant's fingerprints were taken in open court during trial. It was held that this did not violate the privilege against self-incrimination. It was also argued that the fingerprinting in the presence of the jury was prejudicial and made the trial fundamentally unfair. The trial court opinion states:

". . . Fingerprinting is commonplace, and juries know it. We cannot believe that the mere fact that the jurors saw it, instead of hearing about it, was so inflammatory that defendant's trial was rendered fundamentally unfair."

█ In this case, the jury had heard testimony about the latent print and the technique of fingerprint comparison. The jury also heard the motion for in-court fingerprinting. This motion was not prejudicial when considered in the context of the testimony which preceded the motion. United States v. Rundle, supra.

The closing arguments were not recorded. The trial court stated its "recollection" of the prosecutor's statement. At the hearing, after the jury had retired to consider its verdict, the prosecutor argued that his statement was in response to jury argument made by defense counsel. The trial court agreed that defense counsel had argued an absence of proof as to the identity of the prints on the fingerprint card. However, in response to the prosecutor's contention, the trial court stated: "I don't know if that was in rebuttal or not."

The record is ambiguous—both as to what the prosecutor stated to the jury and the context in which the statement was made. With this record, we cannot hold that the prosecutor's statement was prejudicial or that error occurred in denying the mistrial motion. State v. Gonzales, 78 N. M. 218, 430 P.2d 376 (1967); State v. Paris, 76 N.M. 291, 414 P.2d 512 (1966); State v. Gunthorpe, 81 N.M. 515, 469 P.2d 160 (Ct.App.1970), cert. denied, 401 U.S. 941, 91 S.Ct. 943, 28 L.Ed.2d 221 (1971); State v. Gutierrez, 78 N.M. 529, 433 P.2d 508 (Ct.App.1967).

Judgment and sentence is affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.