519 P.2d 135

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joe A. VALLEJOS and Henry Vasquez, Defendants-Appellants.**

**No. 1198.**

Court of Appeals of New Mexico.
Jan. 30, 1974.

Lopez, J., specially concurred and filed statement.

40

E. Ray Phelps, Roswell, for defendant-appellant Vallejos.

William C. Fleming, Frazier, Cusack & Schnedar, Roswell, for defendant-appellant Vasquez.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Jay F. Rosenthal, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant Vasquez appeals his conviction of battery upon a peace officer. Section 40A–22–23, N.M.S.A.1953 (2d Repl.Vol. 6). Defendant Vallejos appeals his conviction of two counts of aggravated assault upon a peace officer. Section 40A–22–21, N.M.S.A.1953 (2d Repl.Vol. 6). Vasquez does not challenge the sufficiency

of the evidence; Vallejos does. The testimony of police officers concerning two incidents where Vallejos struck at police officers with a straight razor is substantial evidence to support the conviction of Vallejos on both counts. Our concern is with two issues: (1) joinder and severance and (2) prosecutor misconduct.

Joinder and severance.

A melee occurred. Several persons were charged with criminal offenses in separate informations. The State sought consolidation of four of the cases, relying on the joinder provisions of § 41–23–11(c)(2), N. M.S.A.1953 (2d Repl.Vol. 6, Supp.1973). Consolidation was ordered. Of the four cases, the two involving the defendants in this appeal were set for trial. Immediately prior to trial, Vasquez renewed his opposition to the original consolidation. He also moved for severance, relying on § 41–23–34, N.M.S.A.1953 (2d Repl.Vol. 6, Supp. 1973). The severance motion was denied.

■ At the time the severance motion was denied, Vasquez had raised three issues pertaining to joinder and severance. They were: (a) the initial consolidation under § 41–23–11(c)(2), supra; (b) discretionary severance under § 41–23–34(a), supra; and (c) severance "as of right" under § 41–23–34(b)(2), supra. We do not reach the merits of any of these issues. The record shows Vasquez relied on the transcripts of the preliminary hearings as the factual basis for these issues. These transcripts are not in the record. We cannot say the trial court erred in granting consolidation and in denying severance when the factual basis for these issues is not before us for review. Section 21–2–1(17)(1), N.M.S.A.1953 (Repl.Vol. 4).

*Prosecutor misconduct.*

Four instances of prosecutor misconduct are claimed. One of the instances cannot be held to be misconduct. This instance concerns the district attorney's reference in closing jury argument to "what happened in Albuquerque, and could have happened here." This was a reference to what has been termed the "Albuquerque riots." Vasquez' new trial motion indicates the Albuquerque riots occurred in 1971.

■ The context of the "Albuquerque riots" reference is this: there is evidence that the melee which resulted in criminal charges against defendants was a confrontation between approximately ten Roswell police officers and a group of approximately thirty people. Vasquez' counsel, during voir dire of prospective jurors, had referred to the confrontation as a "near riot." Defense counsel's argument to the jury was not recorded. In rebuttal closing argument, the district attorney stated: "it has been mentioned to you by Mr. Fleming, about the confrontations that are going on across the country, and he was allowed to mention this in his argument." Later in his rebuttal, the district attorney referred to a "riot situation" and stated that this was no different than what happened in Albuquerque. Defense counsel objected to comparing the Roswell incident with the Albuquerque incident. The objection was sustained, the jury was admonished to disregard the reference to the "Albuquerque situation" and the district attorney was instructed to confine himself to the facts of the case.

Since we do not know the nature of defense counsel's remarks about "confrontations * * * across the country," we cannot say that the district attorney's reference to the Albuquerque situation, in response, was misconduct. See State v. Jamerson (Ct.App.), 85 N.M. 799, 518 P.2d 779, decided January 2, 1974, and cases therein cited.

The other three instances are clearly misconduct.

After the straight razor was introduced as evidence, questioning by the district attorney brought out that a butcher knife had been found at the scene. The "scene" encompasses the porch of a residence, its yard and the adjoining street. The butcher knife was marked as an exhibit and identified by a witness as having been found on the porch. The witness also tes-

tified it was found in an area where a struggle was going on between a police officer and two other men who are not the defendants. The witness also testified that he had no knowledge that either of the defendants ever had the butcher knife.

Over defense objection, the district attorney was permitted to continue questioning concerning the butcher knife. This questioning established that at an unidentified point in time the defendants were seen in the "vicinity" of the porch, but there is no evidence connecting the defendants with the butcher knife. Yet, at the conclusion of the questioning, the district attorney offered the knife into evidence. A defense objection was sustained. The trial court instructed the jury to disregard testimony about the butcher knife and the district attorney was instructed to remove the butcher knife from the exhibit table and conceal it.

■ The witnesses who were questioned about the butcher knife were witnesses called by the State. The conduct of the district attorney in displaying the knife and questioning his own witnesses about a knife they could not connect to the defendants must be considered bad faith conduct. See State v. Rowell, 77 N.M. 124, 419 P.2d 966 (1966).

The district attorney, in his rebuttal closing argument to the jury, stated:

"* * * You know, a lot of us can put the blame on somebody else as to what is going on in the country. You know last night a Member of the United States Senate, and Head of Armed Forces Committee for something like twenty-one years, was struck and robbed as he went into his home, and was shot, and perhaps is dead by now."

When the defense objected, the trial court directed the district attorney to stay within the issues and instructed the jury to disregard the above comment.

This reference to a crime in Washington, D. C., with Senator Stennis as the victim, was clearly beyond the evidence in the case. "[A] statement of facts entirely outside of the evidence, and highly prejudicial to the accused, cannot be justified as argument." The jury "verdict should be based upon the law and the evidence, not on what other people did." State v. Cummings, 57 N.M. 36, 253 P.2d 321 (1953). The State concedes this was misconduct on the part of the district attorney.

■ Also, during rebuttal closing argument, the district attorney stated:

"* * * I took an oath when I was elected by you as District Attorney, to prosecute those persons who in my experience and training, I believed to be guilty. My young cohort here, says that he defended cases—that this is his first one. Well, I had ten or twelve years defending cases, and about twenty years of practicing law, and I think I know how to judge a case too, and I think I know how to judge who is lying and who isn't lying. * * *"

■ The comment is that the district attorney does not prosecute unless he believes the one he prosecutes is guilty. This expresses the personal opinion of the prosecutor in the defendants' guilt prior to any evidence being presented. There can be no excuse for such comment. People v. Kirkes, 39 Cal.2d 719, 249 P.2d 1 (1952). A prosecutor must "refrain from pre-condemning the accused on the authority of the government he represents." State v. Gulbrandsen, 238 Minn. 508, 57 N.W.2d 419 (1953). The expression of the personal opinion of the district attorney in the guilt of defendants was misconduct. People v. Alverson, 60 Cal.2d 803, 36 Cal.Rptr. 479, 388 P.2d 711 (1964); People v. Kirkes, supra; Price v. State, 267 So.2d 39 (Fla.App.1972); People v. Reimann, 266 App.Div. 505, 42 N.Y.S.2d 599 (1943); see Annot., 50 A.L.R.2d 766 (1956).

No objection was made to the district attorney's expression of a personal belief in the guilt of defendants. Some courts have declared such a comment error requiring a reversal, regardless of whether objection was made. See People v. Reimann, supra. Other courts require an objection before the comment will be considered on appeal. See State v. King, 375 S.W.2d 34 (Mo.

1964). Still others hold that a failure to object does not foreclose appellate review if the comment had "unfairly prejudiced the defendant." United States v. Sawyer, 347 F.2d 372 (4th Cir. 1965).

In New Mexico, unless objection was made to the improper comment, the comment will not be reviewed. State v. Riggsbee, 85 N.M. 668, 515 P.2d 964, decided November 9, 1973; State v. Polsky, 82 N.M. 393, 482 P.2d 257 (Ct.App.1971), cert. denied 404 U.S. 1015, 92 S.Ct. 688, 30 L.Ed.2d 662 (1972). Accordingly, the district attorney's expression of opinion that defendants were guilty has not been preserved as an independent point for review.

Before considering what effect is to be given to the three items of misconduct on the part of the district attorney, it should be noted that each item is a breach of the Code of Professional Responsibility adopted by the New Mexico Supreme Court as "rules of conduct for attorneys in this state." Section 21–2–1(32), N.M.S.A.1953 (Repl.Vol. 4, Supp.1973). Ethical Consideration 7–25 of the Code states: "A lawyer should not by subterfuge put before a jury matters which it cannot properly consider." Disciplinary Rule 7–106(C)(1) states a lawyer shall not "[s]tate or allude to any matter · * * * that will not be supported by admissible evidence." The butcher knife incident, and the Senator Stennis remark, violates these provisions. Ethical Consideration 7–24 and Disciplinary Rule 7–106(C)(4) forbid an attorney from expressing his personal opinion as to the guilt or innocence of an accused. The district attorney's expression of personal opinion as to the guilt of defendants violated these provisions.

We now consider the effect of the three items of prosecutor misconduct. As to two of the items—the butcher knife incident and the Senator Stennis remark—Vasquez objected and the jury was admonished not to regard the items. Vasquez did not object to the district attorney expressing a personal opinion as to guilt. Vallejos did not object to any of the items. Vasquez seeks reversal because of prosecutor misconduct; Vallejos does not. Vasquez asks us to apply the doctrine of cumulative error; Vallejos does not.

In this posture of the case, we do not consider whether the two items to which Vasquez objected amount to error requiring a reversal. Rather, we consider the cumulative impact of the three items of misconduct. An accumulation of irregularities, each of which, in itself, might be deemed harmless may, in the aggregate, show the absence of a fair trial. "A fair trial is implicit in the concept of ordered liberty." State v. Gutierrez, 78 N.M. 529, 433 P.2d 508 (Ct.App.1967). An appellate court has the responsibility "to see that a person convicted of crime shall have a fair trial with a proper defense, and that no conviction shall stand because of the absence of either." State v. Gomez, 75 N.M. 545, 408 P.2d 48 (1965).

A question of fundamental error requires review by the appellate court regardless of whether procedural requirements have been met. State v. Garcia, 19 N.M. 414, 143 P. 1012 (1914). While the "fair trial" concept approaches the concept of "fundamental error" it is unnecessary, in this case, to determine whether there is a difference in the two concepts. The concepts are sufficiently similar so that the question of "fair trial" is to be reviewed regardless of whether procedural requirements have been met. Accordingly, the "fair trial" concept is to be considered for each defendant. In such consideration, no distinction can be made between the defendants; the prosecutor's misconduct did not distinguish the defendants.

The question, then, is whether the prosecutor's misconduct deprived the defendants of a fair trial. We answer the question by looking to the prejudice involved.

In State v. Rowell, supra, an improper question to a witness concerning a defendant's conviction was held to have been for the "purpose of planting ideas or thoughts in the minds of the jury." The question had "no possible place in the trial. The purpose could have been nothing other than to arouse the prejudices of the jury

against appellant." The prejudice from this one question required a reversal, even though the trial court had admonished the jury not to consider the improper question. In this case, the district attorney displayed a butcher knife to the jury; questioned his own witnesses concerning a knife they could not connect to the defendants; and, after failing to establish any basis for admission of the knife, offered it as evidence. We have previously characterized this as bad faith on the part of the district attorney. The prejudice from this bad faith conduct, in our opinion, exceeds the prejudice in State v. Rowell, supra.

State v. Cummings, supra, was a manslaughter trial arising out of a traffic death. In closing argument, the prosecutor repeated an improper comment three times. This comment was directed to the number of traffic deaths on New Mexico highways. This repeated misconduct, together with an erroneous instruction, was held to have deprived the defendant of a fair trial. In this case, the butcher knife incident occurred after the razor, allegedly used by Vallejos, was already in evidence, and occurred in a context that made no attempt to distinguish between the defendants. Vasquez was not charged with using any weapon. The district attorney referred to a crime against a United States Senator. He utilized the status of his office in informing the jury the defendants were guilty or he would not have brought them to trial. These three items, in our opinion, exceed the prejudice of the improper comment repeated three times in State v. Cummings, supra.

In Deats v. Rodriguez, 477 F.2d 1023 (10th Cir. 1973), the district attorney, in closing argument, had referred to the defendant's failure to make a statement to the police officer. Defense counsel had objected, but had also withdrawn his objection. The opinion indicates that the district attorney's comment on an accused's silence was plain, fundamental error. The state court conviction, previously upheld by this Court, was reversed. See State v. Montoya, 80 N.M. 64, 451 P.2d 557 (Ct.

App.1968); aff'd, Deats v. State, 80 N.M. 77, 451 P.2d 981 (1969). In our opinion, the three items of prosecutor misconduct equal, if not exceed, the error in Deats v. Rodriguez, supra.

We do not determine whether any one of the three items, considered alone, might be reversible error. We do hold that the cumulative impact of the three items was so prejudicial that defendants were deprived of a fair trial.

The judgment and sentences are reversed. The cause is remanded with instructions to grant each defendant a new trial.

It is so ordered.

HENDLEY, J., concurs.

LOPEZ, J., concurs specially.

LOPEZ, Judge (specially concurring).

I concur only in the result. I base my decision on State v. Cummings, 57 N.M. 36, 253 P.2d 321 (1953). I do not feel that repeated references to matters outside the evidence and facts of the case are justified. They impinge upon a defendant's right to a fair trial.