MILLS, Judge.
CASE SUMMARY
Cumbie appeals from a judgment and sentence rendered after a jury trial in which the jury found him guilty of assault with intent to commit first degree murder and assault with intent to commit rape as charged by the State. We reverse.
FACTS
This is the third trial of Cumbie. The jury found him guilty as charged after the *2 first trial but this conviction was reversed by the Supreme Court of Florida. The second trial ended in a mistrial.
On 30 May 1974, the victim and two other young women, residents of Connecticut, stopped at a campground called Palm Villa, near the ocean at Flagler Beach. Between 2:30 and 3:00 P. M., the three women went down to the beach. After they had sunbathed for awhile, the victim left the other two women because her skin was sensitive to the sun.
As the victim began to walk back to the campground, a man barred her path. After a few words to her, he dragged her screaming off the road and into the dune area, threatening her with a knife. He tried to rape her and then began stabbing her over and over again.
At about 4:00 P. M., Fischetti, the beach owner, arrived to give his property a routine check and spotted Cumbie standing on a dune stark naked. It was the dune near where the victim was later found. Fischet-ti ordered Cumbie off his land.
At the trial, Cumbie testified that he had not seen the victim until Fischetti called to him. He said that the victim was about 30 feet away crawling around on her hands and knees and her clothes were discolored with what could have been blood. Cumbie did not mention this to Fischetti.
Cumbie stated that he then left the beach but became apprehensive about the victim so returned to where she lay. Although he had been an ambulance driver and had extensive first-aid training, he gave the victim no first aid because he was scared.
Cumbie then went for the police. The police went to the scene. The victim gave them a description which matched that of Cumbie and Fischetti told the officers of Cumbie’s earlier behavior. Cumbie was taken into custody.
At the trial, the victim positively identified Cumbie as her attacker. Cumbie maintained he was innocent.
ISSUES
First Issue. The issue which is disposi-tive of this appeal is whether the trial court erred in denying Cumbie’s motion for a mistrial based on remarks of the prosecutor during his closing argument.
Cumbie contends the prosecutor’s remarks were so prejudicial that he was denied a fair trial.
The State contends the trial court took proper and effective action to correct whatever influence the remarks had on the jury and when the whole record is considered the remarks did not prejudice Cumbie’s right to a fair trial.
Second Issue. Because we are reversing this case, we feel it would be helpful to those concerned that we resolve the sentencing issue raised by Cumbie. This issue is whether the reasons stated in the trial court’s order are sufficient to support the sentences imposed following the third trial which were more severe than the sentences imposed after the first trial for the same crimes.
Cumbie contends the reasons given by the court for increasing the sentences after the third trial do not meet the standards required by North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and do not justify the increased sentences.
The State contends the reasons given by the Court are sufficient and justify the increased sentences.
DECISION
First Issue. The remarks which Cumbie contends prejudiced his right to a fair trial are:
“The police officers had nothing against this man, they simply get paid to do a job. If he was innocent, they would certainly have cleared him, and if he is guilty, then he has to pay for that, too.”
Cumbie’s objection was sustained and the Court admonished the jury to disregard the remarks. The prosecutor continued:
“Now, we men often times can’t appreciate the assault on a body that a woman has to undergo when she is being raped *3 or attempted to be raped, but I think we can think about it and kind of try to imagine, if you think of yourself in a similar situation when some-
The Court interrupted the prosecutor and admonished the jury to disregard the remarks. The prosecutor then continued:
“I say to you that people who are not here are also from the community and the State represents those people, the community itself, and that community asks of you justice in this case. They ask you to return a verdict that speaks the truth; a verdict in this case that represents justice.”
No objection made.
Cumbie’s subsequent motion for mistrial was denied.
A defendant has a fundamental right to a fair trial. Price v. State, 267 So.2d 39 (Fla. 4th DCA 1972). A new trial is required if statements made by a prosecutor in closing argument are unfair. Darden v. State, 329 So.2d 287 (Fla.1976). Unless the court can determine from the record that a prosecutor’s improper comments do not prejudice a defendant, a judgment of conviction must be reversed. Pait v. State, 112 So.2d 380 (Fla.1959).
The prosecutor’s comment, “The police officers had nothing against this man, they simply get paid to do a job. If he was innocent, they would certainly have cleared him . . . ,” was unfair, was prejudicial and denied Cumbie the right to a fair trial. It was the jury’s prerogative to determine the guilt or innocence of Cumbie, not the police officers’. It is impossible for us to determine from the record whether the improper comment contributed to Cum-bie’s conviction.
In Price, supra, the Court reversed a conviction for robbery because the prosecutor stated during closing argument, “. if this man had not been named and not been identified in Mr. Devoe’s confession, he would not be here before you because [the] State has no reason to bring an innocent man before you and prosecute him
The remarks in the case before us are similar to those in Price, supra. We, too, must reverse because Cumbie was deprived of a fair trial.
Although there is substantial evidence to support the jury’s verdict, although this case has been through three trials, and although this case has been, through two appeals, we cannot condone improper and unfair closing argument by the State. We commend all counsel who aggressively represent their clients. This they should do. But, prosecutors should represent the State with candor and fairness, even though the crime prosecuted is a heinous one and the desire to get a guilty verdict is great. It is for the jury to decide the case, without emotion, and solely on the evidence presented to it.
The attempted “Golden Rule” argument was timely stopped by the Court and the jury properly admonished.
No objection was made to the last comment. A prosecutor’s challenged closing argument will be reviewed on appeal only when a timely objection is made. Darden, supra.
Second Issue. After the first trial, the Court sentenced Cumbie to fifteen years for assault with intent to commit murder in the first degree and to fifteen years for assault to commit rape, this sentence to run concurrently with the first sentence.
After the third trial, the court sentenced Cumbie to fifteen years on each crime but provided they would run consecutively.
In North Carolina v. Pearce, supra, the Supreme Court of the United States stated that due process requires that vindictiveness against a defendant for having successfully attacked his first conviction must not play a part in the sentence he receives after a new trial, and to assure the absence of such motivation, whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons must appear affirmatively. The Court then stated that the reasons “. . . must be based upon objective information concern *4 ing identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.”
The State concedes that the only reason given by the Court in this case that complies with the standards enunciated in North Carolina v. Pearce, supra, is “the court heard and observed the defendant under severe cross examination and his credibility as to the events was entirely destroyed which was not observed by the Court previously.”
The reason given by the Court is insufficient. The testimony of Cumbie at the first, second and third trials was substantially the same and the State does not contend to the contrary. Therefore, there was no identifiable conduct on the part of Cumbie occurring after the original sentencing which warranted the increased sentences.
JUDGMENT
The judgment and sentence are reversed and this case is remanded for a new trial.
McCORD, Chief Judge, concurs.
MELVIN, J., concurs in part and dissents in part.